## 58589. LOTT et al. v. SMITH.

SMITH, Judge.

Due to an error in the charge, we must reverse the judgment entered in favor of the plaintiff and order a new trial.

The instant case arises out of a collision between appellant's corn combine and appellee's truck. Appellant was traveling in his combine at a speed of approximately 17 mph. The maximum allowable speed on the highway was 55 mph. The combine and truck collided when appellant Jeffrey Cleon Lott, without any signal, attempted to make a left turn while appellee was in the process of passing appellant. Appellee crossed over the solid yellow line in making his pass. The pass was made within 100 feet of an intersection.

The trial court's charge included the following: "I charge you, ladies and gentlemen of the jury, Georgia Code Section 68A-301 subsection (a) (2) provides as follows: Drive on right side of roadway-exceptions. Subsection (a). Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows: (2) *When an obstruction exists making it necessary to drive to the left of the center of the highway;* provided, any person so doing shall yield the right-of-way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such a distance as to constitute an immediate hazard." (Emphasis supplied.) We believe this charge was erroneous. Inasmuch as appellant's corn combine was traveling at a speed of 17 mph, it was not necessary for

appellee to drive to the left of the center of the highway. The charge may have led the jury to believe that appellee was not negligent per se in attempting to pass appellant's corn combine, even though the uncontroverted evidence establishes that the attempted pass was made in a no-passing zone. See Code § 68A-306 (a) (2); Code § 68A-307 (a), (b). Appellant is therefore entitled to a new trial.

*Judgment reversed; new trial ordered. Quillian, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 17, 1979 — DECIDED JANUARY 21, 1980 — REHEARING DENIED FEBRUARY 11, 1980 —

*J. Harvey Davis,* for appellants.
*David Kelley, Henry C. Custer,* for appellee.