36126. SMITH v. LOTT et al.

CLARKE, Justice.

The narrow question to be decided here is whether a combine driven at a speed of eight to seventeen miles per hour on a public road where the speed limit is 55 miles per hour could be found by a jury to be an obstruction.

While driving a tractor-trailer along a highway, Smith passed a combine being driven by Lott. Evidence set the speed of the combine at somewhere between eight miles per hour and seventeen miles per hour. During Smith's passing maneuver, Lott began to execute a left-hand turn and the two vehicles collided. In order to pass the combine, Smith had crossed over a solid yellow line which indicated passing was prohibited.

The trial court charged the jury as to the presence of an

obstruction giving rise to an exception to the general rule that a driver must keep to the right hand side of the road. Code Ann. § 68A-301 (a) (2) provides: "(a) Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows: .... (2) When an obstruction exists making it necessary to drive to the left of the center of the highway; provided, any person so doing shall yield the right-of-way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such a distance as to constitute an immediate hazard. ...." The jury returned a verdict for Smith.

The Court of Appeals reversed the trial court in *Lott v. Smith,* 153 Ga. App. 365 (265 SE2d 291) (1980), saying that the charge as to obstruction was not authorized. The case is now before us on certiorari, and we reverse.

The first question to be determined is whether an object must be stationary in order to be an obstruction. We hold there is no such requirement. A motor vehicle may be an obstruction when it is operated on a public road in a manner which could not be generally or reasonably anticipated, taking into account all of the circumstances and conditions present at such time and place, and thereby hinders or impedes the proper travel on such road. Except in clear and palpable cases, the issue of when a vehicle is so operated is one for the jury. Here, the evidence puts the speed of the combine at a low of eight miles per hour and a high of eighteen miles per hour. The jury would be authorized to find its speed to be within this range. The width of the combine here was such that its left hand portion protruded across the center line of the highway. We cannot say as a matter of law under these circumstances that the combine did not amount to an obstruction.

Where there is any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue. *Camp v. Phillips,* 42 Ga. 289 (1871); *Carter v. Central of Ga. R. Co.,* 149 Ga. App. 867 (256 SE2d 149) (1979); *East Side Auto Parts, Inc. v. Wilson,* 146 Ga. App. 753 (247 SE2d 571) (1978). There being some evidence upon which a charge on obstruction could have been based, it was not error for the trial court to give the charge and to submit the question of obstruction to the jury.

*Judgment reversed. All the Justices concur, except Jordan, P. J., and Hill, J., who dissent.*

ARGUED MAY 12, 1980 — DECIDED SEPTEMBER 8, 1980 —
REHEARING DENIED SEPTEMBER 23, 1980.

*David J. Kelley, Henry C. Custer,* for appellant.
*J. Harvey Davis,* for appellees.

HILL, Justice, dissenting.

In my view a combine being driven on a road at a speed of 8 miles per hour or more is not an obstruction within the meaning of the statute so as to justify another driver who is traveling in the same direction to pass it in a no-passing zone. Under the majority opinion a slowly driven school bus could be an obstruction. More significantly, a school bus slowing down (or stopped) in order to make a left turn could be an obstruction.

This is not a case where the driver of the following vehicle came up behind a slowly moving vehicle, slowed down to its speed, followed it a short distance, and then decided to pass. Here the passing tractor-trailer was being driven by the plaintiff at a speed of 50 to 55 miles per hour. This plaintiff never slowed down; he just decided to pass in a no-passing zone at an intersection where the defendant planned to turn left. I would affirm the decision of the Court of Appeals.

I am authorized to state that Presiding Justice Jordan joins in this dissent.