### 58589. LOTT et al. v. SMITH.

SMITH, Judge.
In an earlier appearance of this case, this court held that the trial court erred in charging the jury on Code § 68A-301 (a)(2), which provides: "Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows: . . . When an obstruction exists making it necessary to drive to the left of the center of the highway; provided any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such a distance as to constitute an immediate hazard . . ." We held that the charge was erroneous because the corn combine "was traveling at a speed of 17

mph [and] it was not necessary for appellee to drive to the left of the center of the highway." *Lott v. Smith,* 153 Ga. App. 365, 365-366 (265 SE2d 291) (1980). However, on certiorari, the Supreme Court reversed, holding that a jury question was presented as to whether the corn combine constituted an obstruction. See *Smith v. Lott,* 246 Ga. 366 (271 SE2d 463) (1980) (Justices Hill and Jordan, dissenting). The Supreme Court declined to consider any remaining enumerations of error and remanded the case to this court.

Again, due to an error in the charge, we must reverse the judgment entered in favor of the plaintiff and order a new trial. In its fourth enumeration, appellants contend the following charge was erroneous: "I charge you Georgia Code Section 68A-805 Subsection (a) provides as follows: No person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation." The uncontroverted evidence in this case shows that the corn combine was *traveling at, or very close to, its highest possible speed of 17 or 18 miles per hour.* In order to make a left hand turn, the vehicle slowed to approximately 8 miles per hour.

Appellee states that "[n]either the trial court nor Appellee maintained, as implied by Appellants, that the operation of a farm implement on a seasonal basis upon a public roadway was negligent as a matter of law. Appellee alleged that the manner in which the corn combine was being operated was negligent." However, the trial court's charge clearly created a jury question as to whether appellant Jeffrey Cleon Lott was negligent per se in operating the corn combine at such a slow rate of speed as to impede the normal and reasonable movement of traffic. We believe no such jury question should have been presented.

The operation of the corn combine, though possibly negligent for other reasons, was not negligent for lack of sufficient speed. The corn combine, which clearly falls within the definition of "special mobile equipment" as defined in Code § 68A-101 (49), was traveling at or near its highest possible speed. To *permit* the jury to impose liability on the basis of the speed of the combine would be tantamount to holding that the operation of farm machinery such as appellants' on the public roadway typically constitutes negligence per se. See Code §§ 68A-801 et seq. We cannot endorse such a holding. Title 68A does not exclude farm machinery from the public roads.

In view of the trial court's charge that the "violation of a code section is negligence as a matter of law" which will give rise to a right of recovery if "the violation of [that] code section was the sole proximate cause or a contributing proximate cause of the subject collision," it is possible that the jury verdict in favor of appellee was

based upon the speed of appellants' vehicle. The trial court's charge on Code § 68A-805 provided appellee with a basis for recovery to which he was not entitled. Appellant is therefore entitled to a new trial. *Green v. Knight,* 153 Ga. App. 183, 185-186 (264 SE2d 657) (1980); *Baldwin v. Walker,* 143 Ga. App. 382, 384 (238 SE2d 695) (1977). The corn combine may have been an obstruction. See *Smith v. Lott,* supra. However, its operator, who was traveling as fast or almost as fast as he could, was not negligent in permitting it to be one.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 17, 1979 — DECIDED DECEMBER 1, 1980 — REHEARING DENIED DECEMBER 18, 1980.

*J. Harvey Davis,* for appellants.
*David Kelley, Henry C. Custer,* for appellee.