75455. SAYLOR v. THE STATE.
(365 SE2d 493)

BEASLEY, Judge.

Defendant appeals her conviction of possession of more than one ounce of marijuana. OCGA § 16-13-30. Her sole enumeration of error questions the admissibility of evidence obtained as a result of a warrantless search.

The Columbus police department received an anonymous call reporting that defendant and her husband had two pounds of marijuana at their residence. When additional verifying information was requested, the caller hung up.

Narcotics officers made a surveillance of defendant's home for two days without acquiring probable cause for a warrant. On the third

day, one of the officers called defendant and told her the police were aware of what she had on the premises and "you've got to get that stuff out of there." He hung up without identifying himself. Shortly thereafter defendant emerged from her house carrying two plastic bags which the officers observed through binoculors. One officer testified that the bags, which defendant put in the back seat of the car, were of the type commonly used to package marijuana and contained a substance with marijuana coloration.

When defendant drove off the officers followed and stopped her four or five blocks away. Defendant objected to the search being conducted on a public street, so at her request they returned to her home to complete the search. She agreed to a search of her home, but an officer found the two plastic bags of what was later shown to be marijuana in the rear seat of her vehicle. One bag included 67 smaller bags of marijuana and the other contained about a quarter pound of the same substance.

Defendant contends that the officers were not authorized to search the back seat of her vehicle without obtaining a warrant and that they should not be permitted to create exigent circumstances so as to justify the search.

Although the initial tip to the police was not sufficient to supply probable cause, it plus the information gathered by observation during the surveillance was. A search does not result from merely observing what is in plain sight. See 68 AmJur2d 678, Searches & Seizures, § 23; *Harris v. United States*, 390 U. S. 234 (88 SC 992, 19 LE2d 1067) (1968). The use of binoculors to enhance vision is permissible. *Lee v. United States*, 343 U. S. 747, 754 (72 SC 967, 96 LE 1270) (1951); *Griffin v. State*, 180 Ga. App. 189 (348 SE2d 577) (1986). There was no violation of defendant's right in establishing the vantage point for public observation. Thus, what they saw indicating the presence of contraband in the circumstances described was sufficient for a finding of probable cause by a detached magistrate. See *Galloway v. State*, 178 Ga. App. 31, 34 (342 SE2d 473) (1986). The search of the automobile and its contents was authorized even though slightly delayed to accommodate defendant. See *Michigan v. Thomas*, 458 U. S. 259 (102 SC 3079, 73 LE2d 750) (1982); *Florida v. Meyers*, 466 U. S. 380 (104 SC 1852, 80 LE2d 381) (1984); *United States v. Johns*, 469 U. S. 478 (105 SC 881, 83 LE2d 890) (1985).

The ruse about which defendant complains was not used to gain entrance to defendant's home or to obtain a means of observing inside that house. It merely prompted defendant to come out of the house into a publicly observable place with what appeared to be marijuana in tow. Because deception is prohibited only where used as a means to violate defendant's rights, the calculated advice given here was not of that character and not a basis to suppress the evidence obtained. See

*Lewis v. United States*, 385 U. S. 206 (87 SC 424, 17 LE2d 312) (1966).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JANUARY 26, 1988.

*Edgar G. Kimsey, Jr.*, for appellant.
*William J. Smith, District Attorney*, for appellee.