## A05A1624. PARKER v. THE STATE.
### (622 SE2d 403)

MIKELL, Judge.

Franklin Earl Parker received a traffic citation for passing in a no-passing zone, a violation of OCGA § 40-6-46. He was found guilty after a bench trial and fined $67.50. Parker appeals, and we affirm.

"[I]n a bench trial, the court sits as trier of fact and his findings shall not be set aside unless clearly erroneous. The clearly erroneous test is the same as the any evidence rule. Thus, an appellate court will not disturb fact findings of a trial court if there is any evidence to sustain them."[1] Furthermore, "[o]n appeal, the evidence must be construed favorably to uphold the trial court's finding and judgment."[2]

Thus construed, the evidence reveals that around noon on June 29, 2004, Corporal Chris Shelton of the Forsyth County Sheriff's Department was driving on Old Atlanta Road in a no-passing zone marked by a double yellow line. Parker's BMW was behind a garbage truck, another car was following the BMW, and Shelton's patrol vehicle was next in line. Shelton testified that after the vehicles had come around a curve and were heading down a hill, Parker passed the garbage truck, crossing the double yellow line. Shelton stopped Parker and issued him a citation. According to Shelton, it was raining, and the garbage truck was driving a little less than 50 miles per hour, which was the speed limit.

Parker testified that he had been behind the garbage truck for eight or ten miles, and that the truck had stopped in the road several times to pick up trash from homes that were located directly along Old Atlanta Road. Parker further testified that he passed the garbage truck because "it was clear and safe for me to do so." According to Parker, while going down the hill after the curve, he had an unobstructed view for about a mile. He also testified that the garbage truck was going 20 miles per hour or less at the time he passed it. On cross-examination, Parker admitted that this was not the first time that he had crossed this double yellow line to pass this garbage truck.

---

[1] (Citation omitted.) *Salazar v. State*, 256 Ga. App. 50, 51 (1) (567 SE2d 706) (2002).
[2] (Footnote omitted.) *Tenorio v. State*, 261 Ga. App. 609 (1) (583 SE2d 269) (2003).

During closing argument, Parker contended that his act of passing the trash truck in a no-passing zone marked by a double yellow line was permissible under OCGA §§ 40-6-40 (a) (2)[3] and 40-6-46 (c)[4] because the truck was an "obstruction" in the roadway.

> When read together, OCGA §§ 40-6-46 (c) and 40-6-40 (a) (2) provide that there is no violation of the no-passing zone statute when an obstruction exists making it necessary to drive to the left of the center of the highway, provided that any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway.[5]

Parker also asserted that his action was permissible under *Smith v. Lott*,[6] in which the Supreme Court held that an object need not be stationary in order to be an obstruction. The Court explained that "[a] motor vehicle may be an obstruction when it is operated on a public road in a manner which could not be generally or reasonably anticipated, taking into account all of the circumstances and conditions present at such time and place, and thereby hinders or impedes the proper travel on such road."[7] Thus, the Court determined that "a combine driven at a speed of eight to seventeen miles per hour on a public road where the speed limit is 55 miles per hour could be found by a jury to be an obstruction."[8]

Parker thus argued that the garbage truck, like the combine in *Smith*, was an "obstruction." The trial court rejected Parker's argument, ruling as follows:

> I'm not willing to find that this is an obstruction. A trash truck is commonly operated on the roads. They commonly

---

[3] OCGA § 40-6-40 (a) (2) states:
Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway, except . . . [w]hen an obstruction exists making it necessary to drive to the left of the center of the highway, provided that any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such a distance as to constitute an immediate hazard.

[4] OCGA § 40-6-46 provides:
. . .
(b) Where signs or markings are in place to define a no-passing zone . . . no driver shall at any time drive on the left side of the roadway within such no-passing zone or on the left side of any pavement striping designed to mark such no-passing zone throughout its length. (c) This Code section does not apply under the conditions described in paragraph (2) of subsection (a) of Code Section 40-6-40.

[5] (Citation omitted.) *Smith v. State*, 237 Ga. App. 77, 79 (2) (514 SE2d 710) (1999).

[6] 246 Ga. 366 (271 SE2d 463) (1980).

[7] Id. at 367.

[8] Id. at 366.

stop. It's a no-passing zone. It's a busy road. There is a hazard. And even though it may be a maneuver which can be executed safely, . . . I'm not sure where that would end. That would be an exception that would end up eating up the whole rule, and there would be no end to it.

On appeal, Parker contends that the judgment should be reversed because the trial court found as a fact that the garbage truck created a hazard by stopping periodically in the road. Having so found, Parker argues, the court erred in failing to conclude that the truck constituted an obstruction. We disagree with Parker's characterization of the trial court's ruling. In our view, the hazard to which the court referred was Parker's act of passing the truck in the rain on a busy road. In *Smith v. Lott*, the Supreme Court made clear that "[e]xcept in clear and palpable cases," the question of whether a motor vehicle is being operated so as to constitute an obstruction in the roadway is one for the factfinder.[9] Whether the garbage truck in the instant case posed an obstruction which would allow Parker to cross the double yellow centerline in order to pass the vehicle was a question for the trier of fact to resolve.[10] As there is evidence to support the trial court's finding and judgment, it is affirmed.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 18, 2005.

*Deming, Parker, Hoffman, Green & Campbell, Russell J. Parker, Jr.*, for appellant.

*Leslie C. Abernathy, Solicitor-General, Inez Grant, Carlton T. Hayes, Assistant Solicitors-General*, for appellee.

[9] Id. at 367.
[10] Id. Accord *Smith v. State*, supra at 79-80 (2).