## A05A2177. TURNER v. THE STATE.
### (626 SE2d 176)

JOHNSON, Presiding Judge.

Joseph Anthony Turner was charged in a five-count indictment for the offenses of possession of a controlled substance, driving an unsafe vehicle, driving without a license, driving with an expired decal, and driving with an open container of alcohol. He pled guilty to all but the possession of a controlled substance charge. Following a bench trial, the trial judge found Turner guilty of the drug offense. Turner appeals, alleging the evidence was insufficient to support his conviction, and he was denied effective assistance of counsel. We find no error and affirm Turner's conviction.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[2] This Court only determines whether the adjudication of guilt is supported by sufficient competent evidence.[3]

Viewed in this light, the evidence shows that an officer stopped Turner's pickup truck because the entire passenger side window was cracked and the truck had no month decal affixed to the license plate. During the stop, the officer noticed that Turner had an open container of malt liquor between his legs and there was an empty bottle of brandy on the seat next to him. There was a passenger in the front seat of the truck.

After learning that Turner had no driver's license or other form of identification and that he had an outstanding warrant pending, the officer asked Turner to exit and walk to the back of the truck. The officer was able to keep watch on the passenger during the brief time he remained in the truck. During this time, the passenger did not

---

[1] *Davis v. State*, 272 Ga. App. 33 (611 SE2d 710) (2005).

[2] (Citation omitted.) *Taylor v. State*, 267 Ga. App. 588, 590 (600 SE2d 675) (2004).

[3] See *Wilson v. State*, 256 Ga. App. 741 (1) (569 SE2d 640) (2002).

make any motions. In the meantime, another officer went to the passenger side door to remove the passenger from the truck. There was about a ten-second time lapse between the time the first officer removed Turner and the time the second officer approached the passenger side of the truck.

After Turner's arrest, officers searched the truck and discovered two rocks of crack cocaine behind a cigarette package located in a compartment near the steering wheel of the driver's side of the truck. At trial, Turner testified that although the cigarettes belonged to him, the drugs were not his and he had no knowledge that they were in the truck.

The trial judge and the parties traveled to the impound lot to view Turner's truck. An officer demonstrated how he was able to observe the passenger after Turner exited the truck. He also showed the court where the drugs were located. After the trial court found Turner guilty of the drug offense, the state offered three prior felony convictions pursuant to OCGA § 17-10-7 (a) in aggravation of sentencing, including one prior drug conviction.

Turner contends the evidence was insufficient to support the conviction because the passenger had equal access to the area where the drugs were found. With regard to the equal access doctrine, the trial court specifically made the following finding:

> The evidence in this case showed that although the defendant had a passenger, the passenger had only been in the vehicle a short time prior to the traffic stop. The contraband was found just behind the steering wheel in a compartment under [the defendant's] cigarettes within arms reach of defendant. Moreover, during the traffic stop, the passenger was monitored by the arresting officer. Under the circumstances, the passenger's access to the contraband was not sufficient to overcome the presumption that the drugs belonged to the defendant. Moreover, defendant's testimony regarding his lack of knowledge of the drugs was not credible.

We find no error.

The driver of a vehicle is presumed to have exclusive possession of the contraband substances found in the vehicle.[4] However, under the equal access doctrine, merely finding contraband in a car occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the

---

[4] See *Edwards v. State*, 255 Ga. App. 269, 271 (2) (b) (565 SE2d 127) (2002).

defendant had equal opportunity to commit the crime.[5] Whether evidence of equal access by others is sufficient to overcome the presumption that the driver possessed the contraband found in his vehicle depends on the strength of the evidence and is a question for the factfinder.[6]

Here, we agree with the trial court that the evidence regarding the passenger's alleged access to the contraband was not sufficient to overcome the presumption that Turner possessed the contraband. Not only did the trial judge hear the testimony and observe the demeanor of the witnesses, but the judge also viewed the truck and was able to see for himself where the drugs were located and how the passenger was monitored. The evidence was sufficient for a rational trier of fact to find Turner guilty beyond a reasonable doubt of possession of a controlled substance.[7]

2. Turner argues he was denied effective assistance of trial counsel because his trial counsel (1) failed to obtain a preliminary hearing transcript which allegedly contained a prior inconsistent statement of the officer, (2) informed Turner of the incorrect sentencing range, and (3) did not explain the recidivist provisions to Turner. Turner also includes in his enumeration of error an allegation that trial counsel failed to properly investigate the case, but he does not support this portion of the enumeration of error with any argument or citation of authority in his brief. Turner has, therefore, waived this argument.[8]

To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense.[9] The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous.[10] In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[11] We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so

---

[5] Id.

[6] See *Craig v. State*, 274 Ga. App. 504, 505-506 (1) (617 SE2d 653) (2005).

[7] See *Edwards*, supra.

[8] See Court of Appeals Rule 25 (c) (2).

[9] *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001).

[10] *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

[11] *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999).

undermined the proper functioning of the adversarial process that the trial could not reliably have produced a just result.[12]

The trial court ruled that trial counsel was not ineffective in failing to secure a copy of the preliminary hearing transcript. We agree. Turner's trial attorney testified at the motion for new trial hearing that the preliminary hearing lasted approximately 15 minutes and that the officer at the preliminary hearing testified that the passenger in the truck was monitored prior to being removed from the truck. Trial counsel further testified that he found no inconsistencies between the officer's trial testimony and his testimony given at the preliminary hearing. Under the circumstances, even assuming trial counsel's failure to obtain a copy of the preliminary hearing transcript was deficient, it was not prejudicial to Turner's case.

Turner also alleges trial counsel was ineffective because trial counsel failed to advise him of the sentencing range for all of the charged offenses and failed to explain the recidivist provisions to him prior to Turner's rejection of the state's plea offer and his election to proceed to trial on the drug charge. However, at the motion for new trial hearing, trial counsel testified that he outlined the charges and the sentencing range to Turner in a letter. Trial counsel further testified that he reviewed the recidivist provisions with Turner during one of his visits with Turner at the detention center. The trial court found that Turner was adequately informed of the recidivist provisions and the sentencing range prior to his election to reject the state's plea offer. Again, we agree with the trial court. Moreover, even assuming Turner was not fully apprised of the consequences of being charged as a recidivist, Turner's testimony at the motion for new trial hearing revealed that he would have insisted on going to trial regardless because of his insistence that he was not guilty of possessing a controlled substance. Therefore, Turner cannot prove prejudice to his case. The trial court did not err in finding that Turner received effective assistance of trial counsel.

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED JANUARY 11, 2006.

*Jennifer R. Burns*, for appellant.

*Spencer Lawton, Jr., District Attorney, Larry Chisolm, Assistant District Attorney*, for appellee.

---

[12] *Glass v. State*, 255 Ga. App. 390, 401 (10) (565 SE2d 500) (2002).