A06A0264. HERRING v. THE STATE.
(630 SE2d 776)

ANDREWS, Presiding Judge.

Amy Herring appeals from the judgment entered after she was found guilty at a bench trial of possession of cocaine. Herring claims the trial court erred in denying her motion to suppress because the officers used trickery to enter the residence. After reviewing the record, we conclude there was no reversible error, and affirm.

In ruling on a motion to suppress, the trial court sits as the trier of fact, and the court's findings are analogous to a jury verdict and will not be disturbed when the record contains any evidence to support those findings. When reviewing a trial court's ruling on a motion to suppress, the evidence must be construed most favorably toward the court's findings unless those findings are clearly erroneous. Further, in reviewing the denial of a motion to suppress, we consider all the evidence of record, including evidence introduced at trial.

(Citations and punctuation omitted.) *McCray v. State*, 268 Ga. App. 84 (601 SE2d 452) (2004).

---

[4] (Citations, punctuation and emphasis omitted.) *Cannon*, supra.

Here, the evidence at the hearing and at trial was that officers received an anonymous tip that Burt Craven was having "dope parties" at his house. As two officers were driving by Craven's house one night, they saw a number of cars outside. The officers decided to conduct a "knock-and-talk" operation. One officer went to the back of the house and the other officer approached from the front. This officer knew Craven, and testified that he was the nervous type who would not come to the door if he saw police officers on his doorstep. The officer also stated that he never stood directly in front of the door for safety reasons. Therefore, instead of walking up to the door and knocking, the officer stood at the bottom of the steps, took a plastic cup, and threw it at the door.

After the officer threw the cup, a man opened the door, looked out, and started walking down the steps. When he saw the officer, who was dressed in a green vest with the word "Sheriff" in yellow letters across the front and back, he shouted and started "back-peddling" up the stairs. The officer followed behind him and looked in the door, which had been left open. The officer saw a smoked-glass table with a line of white powdery residue and a rolled-up dollar bill. The officer stated that Herring, who had been seated on the sofa, got up and started walking toward the back of the house when she saw him at the door. Upon seeing this evidence of drug use, and concerned that Herring was leaving the room to destroy evidence, the officer entered the house.

The officer stopped Herring from leaving the room and asked her to empty her pockets. Herring pulled out a clear plastic bag containing a white powder that was later determined to be cocaine.

The court found Herring guilty of possession of cocaine. This appeal followed.

On appeal, Herring contends that the trial court erred in denying her motion to suppress the cocaine found in her pocket. She claims that officers used a ruse and trickery to gain entrance to the house. The only authority cited by Herring in support of this contention is *Saylor v. State*, 185 Ga. App. 634 (365 SE2d 493) (1988). In that case, police received an anonymous tip that Saylor had two pounds of marijuana at her house. An officer called Saylor and, without identifying himself, said that the police knew what she had in the house and she should "get that stuff out of there." Shortly thereafter, Saylor came out of her house carrying two plastic bags of the type commonly used to package marijuana and containing a substance that appeared to be marijuana. Id. Officers stopped her and seized the marijuana from inside her car. This Court held the evidence admissible, stating that deception is prohibited only when used as a means to violate the defendant's rights. Id.

In this case, the officers engaged in a permissible knock-and-talk procedure. See *Pickens v. State*, 225 Ga. App. 792, 793 (484 SE2d 731) (1997) (officer permitted to knock on Pickens's door without an articulable suspicion in order to investigate report of a crime). That the officer used a plastic cup to hit the door because he was not standing directly in front of the door for safety reasons and for the preservation of any illegal contraband inside the house, does not turn this into an impermissible encounter. The officer was in plain view at the bottom of the steps and was clearly identified as a member of the Sheriff's Department.

Once the door was opened, the officer walked up the steps and the cocaine was in plain view on the table inside the house. "A police officer may seize what is in plain sight if, as here, he is in a place where he is constitutionally entitled to be." (Citations and punctuation omitted.) *Pickens*, supra at 795.

Further, the entry into the home was justified by exigent circumstances; namely, the likelihood that the contraband was in danger of immediate destruction. *State v. David*, 269 Ga. 533, 536 (501 SE2d 494) (1998) (exigent circumstances justified warrantless entry because it was undisputed that the officer saw what he knew to be a marijuana pipe on the table and saw an occupant of the apartment pick it up and try to conceal it).

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED APRIL 20, 2006 —
RECONSIDERATION DENIED MAY 3, 2006.

*Sherwood & Sherwood, H. Burke Sherwood, Gregory, Christy, Maniklal & Dennis, Saleem D. Dennis, Richard A. Wilkes*, for appellant.

*J. David Miller, District Attorney, Cynthia D. Hendrix, Assistant District Attorney*, for appellee.