A07A2202. PRZYJEMSKI v. THE STATE.
(658 SE2d 807)

ADAMS, Judge.

Krystian Przyjemski was convicted in a bench trial of driving under the influence of alcohol and improper passing. He asserts as his sole argument on appeal that the trial court erred in denying his motion to suppress evidence because the officer lacked reasonable, articulable suspicion to initiate a traffic stop of his vehicle.

> In reviewing the trial court's order on a motion to suppress, we construe the evidence most favorably to the upholding of the trial court's findings and judgment. We review the trial court's factual findings for clear error, but we review de novo the application of the law to those facts.

(Footnotes omitted.) *State v. Cooper,* 260 Ga. App. 333 (579 SE2d 754) (2003).

Shortly after midnight on August 12, 2005, Officer Johnny R. Lynn, Jr., of the Carrollton Police Department was driving his patrol car when he saw Przyjemski's car pass a van on a solid yellow line. In order to pass, Przyjemski crossed the yellow line into a turning lane and went around the van. Przyjemski was not speeding at the time. Lynn initiated a traffic stop and after conducting field sobriety tests, placed Przyjemski under arrest for DUI. At the suppression hearing, Przyjemski said that he decided to pass the van because it was going 10 mph or less in a 35 mph zone. He admitted, however, that he knew there was a solid yellow line, which meant "do not pass."

Although Przyjemski admits that OCGA §§ 40-6-40 and 40-6-46 prohibit crossing a solid yellow line to pass another vehicle, he argues that Lynn lacked reasonable articulable suspicion to make a traffic stop because OCGA § 40-6-40 (a) (2) creates an exception when there is an obstruction in the road. He argues that the slow-moving van constituted such an obstruction, and thus no violation of the law occurred.

Section 40-6-40 of the Georgia Code requires that vehicles be driven on the right side of the road, except under certain specified instances such as when a car is passing another vehicle, but OCGA § 40-6-46 (a) authorizes the Department of Transportation to determine those portions of the roadway where "passing or driving to the left side of the roadway would be especially hazardous," and indicate those portions with a solid line or a solid double line. Passing is prohibited on those designated portions. OCGA § 40-6-46 (b). Both statutes, however, acknowledge an exception where an obstruction exists:

> When read together, OCGA §§ 40-6-46 (c) and 40-6-40 (a) (2) provide that there is no violation of the no-passing zone statute when an obstruction exists making it necessary to drive to the left of the center of the highway, provided that any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard. [Cit.]

*Smith v. State*, 237 Ga. App. 77, 79 (2) (514 SE2d 710) (1999). A vehicle does not have to be stationary to create such an obstruction. Rather,

> [a] motor vehicle may be an obstruction when it is operated on a public road in a manner which could not be generally or reasonably anticipated, taking into account all of the circumstances and conditions present at such time and place, and thereby hinders or impedes the proper travel on such road.

*Smith v. Lott*, 246 Ga. 366, 367 (271 SE2d 463) (1980). The issue of whether a motor vehicle constitutes an obstruction under the Code is a question of fact. Id.; *Smith v. State*, 237 Ga. App. at 79 (2).

The trial court in this case concluded that no obstruction existed " 'making it necessary to drive to the left of [the markings in place to define the no passing zone],'[1] although it was undoubtedly convenient to do so." We cannot say, based upon the record before us, that this conclusion was clearly erroneous, and thus the trial court did not err in denying the motion to suppress. Cf. *Parker v. State*, 276 Ga. App. 9, 10 (622 SE2d 403) (2005) (upholding trial court's finding in bench trial that garbage truck was not obstruction). But Przyjemski also argues, citing authority from other jurisdictions, that no violation of

---

[1] OCGA § 40-6-40 (c).

the law occurred because he was able to pass the van safely. He did not raise this argument before the trial court, however, and we cannot consider it for the first time on appeal. *Harper v. State,* 285 Ga. App. 261, 266 (2) (645 SE2d 741) (2007). Accordingly, we affirm.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 4, 2008.

*Allen M. Trapp, Jr.,* for appellant.

*Stephen J. Tuggle, Solicitor-General, James W. Kesler, Assistant Solicitor-General,* for appellee.