A11A1577. NIX v. THE STATE.

(717 SE2d 550)

McFADDEN, Judge.

Derek Katriel Nix was convicted of possessing more than one ounce of marijuana. On appeal, he challenges the sufficiency of the evidence to support his conviction and argues that the court should have suppressed the marijuana because it was discovered during an unconstitutional search of his car. Because we find that the evidence was sufficient and that Nix consented to the search of his car during a lawful traffic stop, we affirm.

1. Nix argues that the evidence in this case did not meet the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Under *Jackson*, when an appellant challenges the sufficiency of the evidence to support the conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) Id. at 319 (III) (B).

So viewed, the evidence showed that, in the early morning of August 4, 2008, a police officer stopped Nix for driving with an inoperative headlight. Nix was the only person in the car. The officer asked to search the car, and Nix consented. During the search, the

officer found in the car's unlocked glove compartment three bags containing a total of 1.97 ounces of marijuana.

A friend of Nix testified at trial that the marijuana belonged to him, that he had ridden in the car with Nix to a basketball gymnasium several hours earlier, and that, while at the gymnasium, he had placed the marijuana in the glove compartment without Nix's knowledge. The state presented evidence that contradicted the friend's testimony on certain details of the events that evening. The state also presented evidence that Nix and his friend previously had been arrested for possession of marijuana. Nix's friend testified that these earlier charges were dismissed when Nix claimed ownership of the marijuana and stated that his friend had no knowledge of it.

Nix contends that the only evidence of his possession of the marijuana in this case was circumstantial and the state did not adduce evidence to exclude every other reasonable hypothesis save that of his guilt. See OCGA § 24-4-6. We disagree. As the driver of the car, Nix was presumed to have exclusive possession and control of the marijuana found therein. *Turner v. State*, 277 Ga. App. 205, 206 (1) (626 SE2d 176) (2006). Under the equal access doctrine,

> merely finding contraband in a car [driven] by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. Whether evidence of equal access by others is sufficient to overcome the presumption that the driver possessed the contraband found in his vehicle depends on the strength of the evidence and is a question for the factfinder.

(Citations omitted.) Id. at 206-207 (1).

The court instructed the jury on both the presumption of possession and the equal access doctrine. As the factfinder, the jury was entitled to reject the testimony of Nix's friend that the marijuana was his, see *Wheeler v. State*, 307 Ga. App. 585, 587 (1) (705 SE2d 686) (2011), and to determine that the presumption of Nix's possession of the marijuana had not been rebutted. See *Davis v. State*, 272 Ga. App. 33, 34 (611 SE2d 710) (2005). The evidence was sufficient to authorize Nix's conviction for possession of marijuana. See id.

2. Alternatively, Nix argues that the trial court should have granted his motion for new trial because the verdict was contrary to the evidence and principles of justice and equity, see OCGA § 5-5-20, and because it was decidedly and strongly against the weight of the evidence. See OCGA § 5-5-21. But, unlike the trial court, an appellate court "do[es] not have the discretion to grant a new trial on these grounds; [it] can only review the evidence to determine if there is any

evidence to support the verdict." (Citation omitted.) *Drake v. State*, 241 Ga. 583, 585 (1) (247 SE2d 57) (1978). As detailed in Division 1, supra, the evidence in this case was sufficient to support Nix's conviction.

3. Nix argues that the trial court erred in denying his motion to suppress the marijuana found during the search of his car. On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility should not be disturbed if there is any evidence to support them. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). But "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

So construed, the evidence showed that the arresting officer initiated a traffic stop after he observed Nix driving a car with an inoperative headlight. Nix provided the officer with his driver's license, and the officer determined that the license was valid and that Nix had no outstanding arrest warrants. The officer testified:

> I made contact with Mr. Nix again. I was talking with him, basically told him he needed to get his headlight fixed. At the time I wasn't going to cite him. I remember telling him I was just going to give him a verbal warning. While at the vehicle, still talking with Mr. Nix, he was still breathing heavily and avoiding eye contact with me. He appeared to be nervous at the time. It's been my experience that people that display signs of nervousness typically are concealing something. I then asked him for verbal consent to search the vehicle, and he granted me verbal consent.

Between four and seven minutes had elapsed from the time the officer initiated the stop to the time he asked for consent to search. The officer could not recall when during this period he returned Nix's license to him.

There is no dispute in this case that the initial traffic stop for the inoperative headlight was valid. See *Hines v. State*, 214 Ga. App. 476, 477-478 (448 SE2d 226) (1994). Pending completion of a valid traffic stop, an officer may request consent to conduct a search. *Baker v. State*, 306 Ga. App. 99, 100 (1) (a) (701 SE2d 572) (2010). But,

> [i]n order to pass constitutional muster, the investigative stop of a vehicle cannot be unreasonably prolonged beyond

the time required to fulfill the purpose of the stop. Once that purpose has been fulfilled, the continued detention of the vehicle and its occupants is constitutional only if the officer has a reasonable articulable suspicion of other illegal activity or [if] the valid traffic stop has de-escalated into a consensual encounter.

(Citations and punctuation omitted.) *Sommese v. State*, 299 Ga. App. 664, 668 (1) (683 SE2d 642) (2009).

Nix contends that the purpose of the traffic stop had been fulfilled when the officer gave him a verbal warning and instructed him to repair his headlight. Thus, Nix argues, the traffic stop had already ended when the officer asked for consent to search the car. The officer's testimony, however, reflected that he sought consent to search immediately after issuing the verbal warning. "[W]e have held that, where an officer requests consent to search contemporaneously, or nearly so, with the moment the purpose of a traffic stop is fulfilled, a trial court is authorized to conclude that the request did not unreasonably prolong the detention." (Citation omitted.) *Davis v. State*, 303 Ga. App. 785, 787 (694 SE2d 696) (2010). Viewed most favorably to support the judgment, *Tate*, 264 Ga. at 54 (1), the evidence showed that Nix was legally detained when the officer requested consent to search. See *Baker*, 306 Ga. App. at 101 (1) (a) (evidence that request for consent to search was made during officer's discussion with defendant about tag violation, shortly after officer completed his check of defendant's license and within six minutes of initiating traffic stop, authorized finding that defendant was legally detained at the time). Compare *State v. Felton*, 297 Ga. App. 35, 37 (676 SE2d 434) (2009) (affirming grant of motion to suppress where evidence supported trial court's finding that the "traffic stop had ended, the ticket had been issued and the license returned" before the defendant consented to the search) (punctuation omitted); *Faulkner v. State*, 256 Ga. App. 129, 131 (567 SE2d 754) (2002) (reversing denial of motion to suppress where, after writing ticket for traffic violation and returning defendant's license and insurance documents, the officer began interrogating the defendant about the contents of his vehicle and then sought consent to search). We find no error in the trial court's denial of Nix's motion to suppress the evidence found during the search. See *Baker*, 306 Ga. App. at 101 (1) (a).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 13, 2011.

*G. Richard Stepp*, for appellant.

*Daniel J. Porter, District Attorney, Robby A. King, Assistant District Attorney*, for appellee.