**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 4, 2012**

# In the Court of Appeals of Georgia

A12A0453. ARNOLD v. THE STATE.                                    AD-018C

ADAMS, Judge.

Following a bench trial on partially stipulated evidence, Orienthal James Arnold was convicted of possession of a controlled substance, possession of less than one ounce of marijuana, speeding, and felony obstruction of a law enforcement officer. He appeals the denial of his motion to suppress and his conviction.

Arnold's motion to suppress was first heard in a probation revocation proceeding arising out of an earlier offense. The transcript of that proceeding was stipulated into evidence in this case so that Arnold's motion to suppress could be considered for the purposes of the trial. The arresting officer also testified.

This testimony shows that on the evening of October 21, 2010, Officer Josh Wages of the Walton County sheriff's office was traveling in his patrol car

monitoring traffic for speeding on a section of Highway 138 in Walton County. Wages saw a grey Chevrolet driving at a high rate of speed in a 55 mile per hour zone. His radar indicated that the car was traveling at 72 miles per hour, so he initiated a traffic stop. Wages asked for and got Arnold's license and began talking to him when he observed a brown purse in the front passenger seat. Wages asked for consent to look inside the purse, which Arnold gave, and Arnold passed it to Wages. Inside, there were electrical fuses but no personal items. Wages returned to his patrol car, filled out a traffic citation, and performed a computer check of the license, which revealed that it was valid.

Wages returned to Arnold's car to issue the citation, but just prior to doing so, he shined his light inside the car and saw, from outside the car, one or two full-length cigar wrappers and one partially smoked and flattened cigar wrapper in a cup holder on the floor in the center of the car. He clarified that the wrapper was a "Swisher Sweet" wrapper that he described as "just a cigar leaf [with which] you can roll your own tobacco"; he added, "It looks like the shell of a cigar" . . . "with no insides in it." Based on his past experience in law enforcement with drug identification, Wages believed the partially smoked item was a marijuana blunt. He had not smelled the odor of marijuana at this time.

2

Wages then asked Arnold to step out of the car, which he did, and he asked for consent to search Arnold's person and his pockets, which he gave. Wages then told Arnold of his suspicion about the marijuana, and he reached in the car, picked up the blunt, and smelled it, which led him to believe that it was, in fact, marijuana. At this point, Arnold said that it was his girlfriend's car (which the State conceded) and that she smokes marijuana, so it was hers. Wages told Arnold that he now had probable cause to search the car, which he proceeded to do. The search revealed marijuana and crack cocaine. After completing the search, Wages attempted to place Arnold under arrest, but Arnold pushed Wages away and ran off. Wages fell to the ground and, as a result, sustained abrasions on his hand and knee. Wages then pursued Arnold but fell, further injuring himself. Wages was never able to give Arnold the ticket or return his license.

The trial judge found that the officer saw contraband in plain view and upon further investigation confirmed it to be contraband, which gave him grounds to search the car.

1. A trial judge's findings of fact on a motion to suppress should not be disturbed if there is any evidence to support them; determinations of fact and credibility must be accepted unless clearly erroneous; and the evidence must be

3

construed in favor of the trial court's findings and judgment. *Tate v. State,* 264 Ga. 53, 54 (1) (440 SE2d 646) (1994); *Jackson v. State,* 258 Ga. App. 806, 807-808 (2) (575 SE2d 713) (2002).

The officer obviously had authority to stop Arnold for speeding. And there was evidence to support the trial court's finding that there was contraband in plain view. Wages saw, based on his experience, what he believed to be a marijuana blunt. Whether Wages was authorized to enter the car to seize the item is controlled by *Glenn v. State*, 285 Ga. App. 872 (648 SE2d 177) (2007). That case explains that with respect to a vehicle, the plain view doctrine authorizes a police officer to enter a vehicle to seize an illegal item if the facts would justify the issuance of a warrant, that is, if the officer has probable cause to believe the item is contraband. Id. at 874. See generally *State v. Lejeune*, 276 Ga. 179, 182-183 (2) (576 SE2d 888) (2003) (re: the automobile exception). As explained in *Glenn*, a determination of probable cause

> merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A practical, nontechnical probability that incriminating evidence is involved is all that is required. Cit.

4

*Glenn*, 285 Ga. App. at 874. In *Glenn* this Court held that an officer had probable cause to enter a vehicle to seize a metal pipe wrapped with tape that he believed, based on his past experience in the drug interdiction unit, to be a marijuana smoking device. Id.

Like in *Glenn*, here, the suspected contraband was in plain view from outside the vehicle. "Therefore, based on the officer's experience and the object's similarity to other marijuana [smoking devices] seen by the officer, its incriminating nature was immediately apparent to the officer. (Cit.)" Id. at 875. See also *Sapp v. State*, 297 Ga. App. 218, 222 (2) (b) (676 SE2d 867) (2009) (where officer was able to see drug pipe in plain view on seat in truck, officer had probable cause to arrest defendant and search the truck). Once Wages smelled the odor of marijuana on the recovered item, he had even stronger grounds to search the vehicle.

Finally, because Wages saw the item before he had returned the license or issued the ticket, he was not exceeding the scope of the initial traffic stop by seizing the object. An officer who stops a motorist for a routine traffic violation "is absolutely permitted to expand the detention into unrelated offenses. The officer may question the motorist about anything and may ask for consent to search, as long as the questioning does not unreasonably prolong the detention." *Hayes v. State*, 292 Ga.

5

App. 724, 728 (2) (665 SE2d 422) (2008). Here, because Wages had not returned the license or issued the ticket when he saw the suspected contraband in plain view, it cannot be said that he unreasonably prolonged the detention. See generally *Davis v. State*, 303 Ga. App. 785, 786-787 (694 SE2d 696) (2010) (stop not unreasonably prolonged while officer completes necessary paperwork and computer work associated with issuance of citation). Accordingly, we conclude the trial court did not err by denying Arnold's motion to suppress.

2. Arnold also contends the evidence was insufficient to support the conviction of felony obstruction of an officer because, he contends, there was no evidence that he offered to do or did violence to the officer when he fled. See OCGA § 16-10-24. But the record shows that Arnold pushed Wages and that Wages suffered scratches on his hand and knee as a result.

*Judgment affirmed. Barnes, P. J., and McFadden, J., concur.*