# Court of Appeals
# of the State of Georgia

ATLANTA,   June 15, 2012

*The Court of Appeals hereby passes the following order:*

**A12A0789. BELL v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.**

In 2009, Angela Bell sued the Metropolitan Atlanta Rapid Transit Authority (MARTA) for damages that she sustained in an accident involving a MARTA bus. The case was tried before a Fulton County jury, which returned a verdict for MARTA. Bell then moved for a new trial, but the court below denied her motion. Representing herself, Bell appeals.

In her original brief to this Court, Bell did not enumerate any claims of error by the court below, did not point the Court to any portions of the record that might support any such claims of error, and did not set out any argument or citation of authority in support of any such claims of error. MARTA subsequently filed a motion to dismiss the appeal, contending that Bell had abandoned her appeal by failing to enumerate claims of error and by failing to point to portions of the record and authority to support such claims of error. Apparently in response to this motion, Bell moved for leave to file an untimely enumeration of errors, but we note that the enumeration of errors attached to the motion was not accompanied by any citation of authority or argument or any reference to the record.

Those enumeration of errors are difficult to understand, although it appears that Bell contends that the court below should have granted her motion for new trial because the verdict was contrary to the weight of the evidence, that the court below erred by failing to admit unspecified evidence, that the court below erred by striking unspecified evidence, that (for an unspecified reason) she should have been allowed more time to present her case, and that the court below erred in some unspecified way

during jury selection.[1] To the extent that Bell complains that she should have a new trial because the verdict was contrary to the weight of the evidence, this Court is without discretion to grant a new trial upon such grounds, and we can only review the evidence to determine if there is *any* competent evidence to sustain the verdict. *Nix v. State*, 312 Ga. App. 43, 44-45 (2) (717 SE2d 550) (2011). To the extent that Bell complains about other, unspecified errors by the court below, her enumerations of error are too nonspecific and vague for us to resolve. And in any event, we note that the record on appeal does not contain any transcript of the three-day jury trial, so we could not possibly ascertain whether there is any evidence to support the verdict or resolve any other claims of error arising from the trial.

In light of Bell's failure to timely file enumerations of error, in light of the inadequacy of her untimely enumerations of error, in light of her failure to point to any portions of the record to support her claims of error, in light of her failure to set out any arguments or citations of authority in support of her claims of error, and in light of her failure to send up to this Court a transcript of the trial, we must conclude that Bell has abandoned her appeal. See Court of Appeals Rules 23 (a) and 25 (c) (2); see also *Guilford v. Marriott Intl.*, 296 Ga. App. 503, 504 (675 SE2d 247) (2009) (pro se appellant is not relieved completely of her "obligation to comply with the substantive and procedural requirements of the law, including the rules of this Court") (citation and punctuation omitted). Consequently, we **GRANT** the motion of MARTA to dismiss this appeal.[2]

---

[1] Bell also appears to complain about her lawyer at the trial, saying that he failed to allow her to correct unspecified errors in her deposition. Bell did not provide a copy of that deposition with the appellate record, but, in any event, a complaint about a trial lawyer's performance is no basis for an appeal in a civil case.

[2] The motion of Bell for leave to file untimely enumerations of error is denied as moot.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 06/15/2012
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*