**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**July 18, 2012**

# In the Court of Appeals of Georgia

A12A1338. PARKER v. THE STATE.

MILLER, Judge.

Following a bench trial, Robert Parker, Jr., was convicted of possession of marijuana (OCGA § 16-13-2 (b)) and driving on the wrong side of the road (OCGA § 40-6-40 (a)). Parker filed a motion for new trial, which the trial court denied. Parker appeals, contending that the trial court erred in denying his motion to suppress, and that the evidence was insufficient to sustain his convictions. For the reasons that follow, we discern no error and affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and the defendant no longer enjoys a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 [99 SC 2781, 61 LE2d 560] (1979).

(Citation omitted.) *Mullis v. State*, 292 Ga. App. 218 (664 SE2d 271) (2008).

So viewed, the evidence shows that a Suwanee Police Department officer observed Parker drive his vehicle across a double yellow line, travel in the opposite lane to bypass other vehicles, and access the left turn lane. After Parker completed the left turn, the officer initiated a traffic stop. Upon approaching the stopped vehicle, the officer smelled the odor of unburnt marijuana coming from inside the vehicle. The officer asked Parker to step out of the vehicle and whether there was any marijuana in the vehicle. Parker initially stated that there was none, but upon further questioning, admitted that there was a small quantity of marijuana inside the vehicle. Although Parker did not want to tell the officer where the marijuana was located, he offered to retrieve the drugs for the officer. The officer denied the request, and Parker became agitated and stepped toward his vehicle. The officer told Parker that he was going to search the vehicle, and handcuffed Parker for the officer's safety. As the officer was entering the vehicle, Parker informed him that the marijuana was in the center console. Upon searching the center console, the office found a ziplock baggie containing 0.2 grams of marijuana, as well as a metal pipe. Parker was then arrested and charged with possession of marijuana and driving on the wrong side of the road.

2

Testimony at trial established that, although Parker owned the vehicle in question, his son, his nephews, and other family members were the primary drivers of the vehicle in question, and that Parker had only driven it because his own vehicle was being repaired on the day he was pulled over. Parker's nephew testified that he and his brother had smoked marijuana in the vehicle. Parker was aware of the boys' drug use and assumed that they, along with his son, had smoked marijuana in the vehicle. Parker also denied crossing the double yellow line or driving into the opposite lane of traffic. Following the presentation of evidence, the trial court found Parker guilty of the charged offenses.

1. Parker contends that the trial court erred in denying his motion to suppress. We disagree.

> In ruling on a motion to suppress, the trial court sits as the trier of fact, and the court's findings are analogous to a jury verdict and will not be disturbed when the record contains any evidence to support those findings. When reviewing a trial court's ruling on a motion to suppress, the evidence must be construed most favorably toward the court's findings unless those findings are clearly erroneous. Further, in reviewing the denial of a motion to suppress, we consider all the evidence of record, including evidence introduced at trial.

(Citation omitted.) *Herring v. State*, 279 Ga. App. 162 (630 SE2d 776) (2006).

(a) Parker argues that the officer lacked a reasonable suspicion to conduct the traffic stop. His claim is without merit.

> An officer may conduct a brief investigative stop of a vehicle if the stop is justified by specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. A court must consider whether, under the totality of the circumstances, the police officer had a particularized and objective basis for suspecting the particular person stopped of criminal activity. However, the stop of a vehicle is also authorized merely if the officer observed a traffic offense.

(Citation omitted.) *Dunbar v. State*, 283 Ga. App. 872, 874 (1) (643 SE2d 292) (2007). Under OCGA § 40-6-40, vehicles are required to be driven on the right side of the road. See *Przyjemski v. State*, 290 Ga. App. 22, 23 (658 SE2d 807) (2008).

Here, the officer testified that he saw Parker cross the solid double yellow line and then drive on the wrong side of the road. To the extent Parker relies on the fact that there was no oncoming traffic when he crossed the double yellow line, it is of no consequence. "As driving on the wrong side of the road is itself a traffic offense, see OCGA § 40-6-40, the officer had a reasonable articulable suspicion that a traffic offense had occurred." *Dunbar*, supra, 283 Ga. App. at 874 (1). Therefore, the trial court did not err in finding that the officer was authorized to perform the traffic stop.

4

(b) Parker next argues that the officer impermissibly expanded the scope and duration of the stop by questioning him about drugs and then searching his vehicle. Again, his claim is without merit.

> An officer who stops a motorist for a routine traffic violation is absolutely permitted to expand the detention into unrelated offenses. The officer may question the motorist about anything and may ask for consent to search, as long as the questioning does not unreasonably prolong the detention.

(Citation and punctuation omitted.) *Arnold v. State*, ___ Ga. App. ___, *2 (1) (Case No. A12A0453, decided May 4, 2012).

Here, the officer asked Parker about the marijuana after he smelled the order of marijuana emanating from his vehicle and during the time that he was questioning Parker about his driver's license. Since the officer asked Parker about the marijuana around the same time he was verifying Parker's license, it cannot be said that the officer unreasonably prolonged the detention. Cf. *Arnold*, supra, ___ Ga. App. at *2; see also *Wilson v. State*, 306 Ga. App. 286, 288-289 (2) (a) (702 SE2d 2) (2010) (stop not unreasonably prolonged while officer verifies a driver's license and completes necessary work associated with issuance of citation). Accordingly, the trial court did not err in denying Parker's motion to suppress.

2. Parker contends that the evidence was insufficient to sustain his convictions.[1] We disagree.

(a) *Possession of Marijuana.* Any person who possesses one ounce or less of marijuana is guilty of misdemeanor possession. OCGA § 16-13-2 (b).

> Under Georgia law, the driver and owner of an automobile, in the absence of any circumstances to the contrary, is presumed to have possession and control of contraband found in the automobile, but this presumption is rebuttable by evidence of equal access. And in this context, evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver.

(Footnotes and punctuation omitted.) *Johnson v. State*, 268 Ga. App. 808, 809-810 (602 SE2d 840) (2004). Whether the evidence of equal access was sufficient to rebut

---

[1] Parker also contends that the trial court improperly denied his motion for new trial on the grounds that the verdict was contrary to the evidence and the principles of justice and equity, and decidedly against the weight of the evidence. Of course, such arguments "may only be made to a trial court in a motion for new trial, not to an appellate court on appeal. We do not have the discretion to grant a new trial on these grounds." (Citations and punctuation omitted.) *Lewis v. State*, 304 Ga. App. 831, 833 (1) (698 SE2d 365) (2010). "The grant or denial of a motion for new trial is a matter within the sound discretion of the trial court and will not be disturbed if there is any evidence to authorize it." (Footnote omitted.) *Taylor v. State*, 259 Ga. App. 457, 460 (2) (576 SE2d 916) (2003); see also *Souder v. State*, 301 Ga. App. 348, 352 (3) (687 SE2d 594) (2009) ("A trial judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is no evidence to support the verdict.") (citations and punctuation omitted).

the presumption of possession is a question properly left to the factfinder. See, e.g., id. at 810 n.5; *Turner v. State*, 277 Ga. App. 205, 207 (1) (626 SE2d 176) (2006).

Here, as the owner and occasional driver of the vehicle, Parker was presumed to have exclusive possession and control of the 0.2 grams marijuana found therein. See *Turner*, supra, 277 Ga. App. at 206 (1); *Nix v. State*, 312 Ga. App. 43, 44 (1) (717 SE2d 550) (2011). Notably, Parker had knowledge that there was marijuana inside the vehicle and, moreover, knew the exact location in the vehicle where the marijuana was located. Based upon this evidence, the trial court, as the factfinder, was authorized to reject the testimony that the marijuana belonged to Parker's nephew, and conclude that the presumption of Parker's possession of marijuana had not been rebutted. See *Nix*, supra, 312 Ga. App. at 44 (1); *Davis v. State*, 272 Ga. App. 33, 34 (611 SE2d 710) (2005). Consequently, the evidence was sufficient to authorize Parker's conviction for possession of marijuana.

(b) *Driving on the wrong side of the road.*

Section 40-6-40 of the Georgia Code requires that vehicles be driven on the right side of the road, except under certain specified instances such as when a car is passing another vehicle, but OCGA § 40-6-46 (a) authorizes the Department of Transportation to determine those portions of the roadway where passing or driving to the left side of the roadway would be especially hazardous, and indicate those portions with a solid line or a solid double line. Passing is prohibited on

7

those designated portions. OCGA § 40-6-46 (b). Both statutes, however, acknowledge an exception where an obstruction exists: [w]hen read together, OCGA §§ 40-6-46 (c) and 40-6-40 (a) (2) provide that there is no violation of the no-passing zone statute when an obstruction exists making it necessary to drive to the left of the center of the highway, provided that any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard. A vehicle does not have to be stationary to create such an obstruction. Rather, a motor vehicle may be an obstruction when it is operated on a public road in a manner which could not be generally or reasonably anticipated, taking into account all of the circumstances and conditions present at such time and place, and thereby hinders or impedes the proper travel on such road.

(Citations and punctuation omitted.) *Przyjemski*, supra, 290 Ga. App. at 23.

As discussed in Division 1 (a) above, the evidence shows that Parker crossed the solid double line and drove on the wrong side of the road, in violation of OCGA § 40-6-40 (a). While Parker argues that he was permitted to cross the double yellow line and drive on the wrong side of the road due to an obstruction caused by traffic congestion, the issue of whether an obstruction existed was a question of fact properly left to the factfinder to resolve. See *Pryzyjemski*, supra, 290 Ga. App. at 23; *Parker v. State*, 276 Ga. App. 9, 11 (622 SE2d 403) (2005). There was no evidence that the traffic congestion encountered at the scene was anything not generally or reasonably anticipated. Therefore, the trial court was authorized to find that there was

8

not an obstruction permitting Parker to drive on the wrong side of the road, and find him guilty of violating OCGA § 40-6-40 (a). See *Parker*, supra, 276 Ga. App. at 11; *Smith v. State*, 237 Ga. App. 77, 79-80 (2) (514 SE2d 710) (1999).

*Judgment affirmed. Mikell, P. J., and Blackwell, J., concur.*