## A93A2178. CANNON v. THE STATE.
### (440 SE2d 723)

POPE, Chief Judge.

James Henry Cannon and two female companions were jointly indicted and tried for possession of cocaine with intent to distribute. The two companions were acquitted of all charges. Defendant Cannon was found guilty of the lesser included offense of possession of cocaine. He appeals from his conviction.

At trial, the evidence revealed that in the afternoon of Saturday, February 29, 1992, defendant received a warning for not having his seatbelt fastened as he drove a 1976 yellow Cadillac through a Pulaski County roadblock. The roadblock was set up to locate persons driving under the influence or transporting illegal drugs. In the early morning hours of March 1, defendant and two female passengers encountered another Pulaski County roadblock. When asked to produce his license and proof of insurance, defendant complied but explained that he had already driven through the roadblock once and received a ticket. The investigating officer walked to the back of the car and then requested permission to search it. Defendant consented to the search, replying "Ain't supposed to be nothing in it, sure you can search it." A matchbox containing three small packets of rock cocaine was found on the floorboard just under the right edge of the driver's seat. The officer testified the matchbox was visible from the driver's seat. A GBI agent who questioned defendant and the two passengers at the scene testified that all three denied any knowledge of the presence of the cocaine; however, the two passengers seemed nervous and fidgety when questioned about the cocaine.

Although the car driven by defendant was owned by his daughter, defendant was the primary user of the car. Defendant's daughter,

girl friend, and nephew occasionally drove the car; however, his daughter was out of town at the time of his arrest. His girl friend only drove the car if defendant did not need it. Defendant testified that his girl friend drove the car during the day on February 29 and that she must have placed the cocaine in the car in order to set him up because she was angry with him. Defendant's girl friend did not testify. There was no other testimony that anyone else had driven the car around the time of defendant's arrest.

Defendant argues the trial court erred in denying his motion for directed verdict because the State failed to establish he was in actual or constructive possession of the cocaine since other individuals had equal access to the car in which the cocaine was found. "The driver and owner of an automobile, in the absence of any circumstances to the contrary, is presumed to have possession and control of contraband found in the automobile, but this presumption is rebuttable by evidence of equal access." (Citation omitted.) *Hendrix v. State*, 199 Ga. App. 599, 600 (1) (405 SE2d 576) (1991). In this connection, "[t]he equal access rule, as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver." (Citations and punctuation omitted.) *Pitts v. State*, 206 Ga. App. 635 (1) (426 SE2d 257) (1992). The trial court properly charged the jury on the equal access rule. "Whether the evidence of equal access is sufficient to rebut any inference of possession . . . is a question properly left to the jury." (Citation and punctuation omitted.) *Davis v. State*, 194 Ga. App. 482, 486 (4) (391 SE2d 124) (1990); see also *Chambers v. State*, 162 Ga. App. 722 (1) (293 SE2d 20) (1982); *Moore v. State*, 155 Ga. App. 149 (1) (270 SE2d 339) (1980).

The jury weighed the evidence and decided this question adversely to defendant. At the time the contraband was found, during the early morning hours of March 1, defendant had been the sole driver of the car since the afternoon of February 29. The matchbox was visible from and within reach of the driver's seat. The jury was authorized to determine it was not reasonable to believe defendant's girl friend, who drove the car the day before the arrest, had put a matchbox containing three packets of rock cocaine in defendant's car in order to set the defendant up in case he happened to be stopped by the police. See *Moon v. State*, 194 Ga. App. 777 (2) (392 SE2d 19) (1990); *Davis*, supra at 486 (4). Moreover, the conviction was not based solely on the presumption of possession, but upon all the evidence including defendant's apparent attempt to prevent the officers from detaining him at the second roadblock by virtue of explaining he

had already been through the roadblock and his statement to the investigating officer that there was not *supposed* to be anything in the car. See *Moon,* supra at 779 (2). We find a rational trier of fact could have found beyond a reasonable doubt that defendant was guilty of possession of cocaine under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Phelps v. State,* 194 Ga. App. 493 (390 SE2d 899) (1990); *Doe v. State,* 189 Ga. App. 793 (377 SE2d 546) (1989). Accordingly, the trial court did not err in denying defendant's motion for directed verdict.

We further note that defendant's reliance on this court's decision in *Whipple v. State,* 207 Ga. App. 131 (427 SE2d 101) (1993), is misplaced. In *Whipple,* the defendant was only using his girl friend's mother's car to pick up his girl friend at school and there was clear evidence that several other people had access to the car equal to that of the defendant. Moreover, the contraband was found in the headrest of the passenger seat in which a passenger had been sitting.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 4, 1994.

*Straughan & Straughan, William T. Straughan,* for appellant.
*James L. Wiggins, District Attorney,* for appellee.