## A03A1005. DALTON v. THE STATE.
### (581 SE2d 700)

JOHNSON, Presiding Judge.

A jury found Loyd Dalton guilty of trafficking in methamphetamine, possession of methamphetamine, possession of LSD, possession of methylene-dioxy-methamphetamine, and possession of a firearm during the commission of a crime. Dalton appeals, alleging the evidence was insufficient to support his conviction for trafficking in methamphetamine. Because we find sufficient evidence from which a rational trier of fact could have found Dalton guilty beyond a reasonable doubt of trafficking in methamphetamine, we affirm his conviction for this offense.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that an officer stopped Dalton's truck because he did not have taillights. Upon conducting a license check, the officer discovered that Dalton had been involved in previous drug activities. The officer asked Dalton if he could search his truck, at which point Dalton became very nervous and began to put his hands in his pockets. The officer became concerned for his safety, and the backup patrol officer searched Dalton for possible weapons.

During the frisk, the second officer felt something hard in Dalton's pocket and asked Dalton what was in his pocket. Dalton replied, "dope." At that point, Dalton was placed under arrest. A container containing 7.6 grams of methamphetamine, LSD, and Ecstasy was removed from Dalton's pocket. A search of the vehicle revealed a shotgun concealed under the front seat, a knife, and a ball of tape placed underneath the console tray area in the middle of the floorboard. Inside the ball of tape was 27.1 grams of methamphetamine.

Dalton's sole enumeration of error is that the 27.1 grams of methamphetamine found taped under the console tray in his truck did not belong to him and that the state failed to prove that he was in actual or constructive possession of the drugs since his passenger also had equal access to the drugs. We find no merit to this argument.

There is a presumption that drugs found within a vehicle actually belong to the driver of the vehicle, particularly when the driver is also the owner of the vehicle.[1] This presumption can be overcome

---

[1] *Battle v. State*, 244 Ga. App. 599, 601 (1) (536 SE2d 273) (2000).

by evidence that someone other than the defendant had the opportunity to commit the crime.[2] Here, the trial court properly charged the jury on the equal access rule, and the jury weighed the evidence and decided this question adversely to Dalton. Whether the evidence of equal access carried enough weight to rebut any inference of possession is a question properly left to the jury.[3]

The evidence shows that Dalton admitted he is a "junkie." He admitted that the drugs found in his pocket belonged to him. He admitted that he placed the gun in his truck. He admitted that he never let anyone borrow his truck and that he purchased and installed the console tray himself. And he admitted that on the day in question, he was in his truck all day except when he washed the inside and outside of the truck with a hose. Given the evidence in the case, the jury could reasonably have concluded that the only reasonable hypothesis was that Dalton possessed the drugs in question.[4]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED APRIL 29, 2003.

*Donna A. Seagraves*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

[2] Id.

[3] *Townsend v. State*, 253 Ga. App. 316, 317 (558 SE2d 849) (2002); *Cannon v. State*, 211 Ga. App. 835, 836 (440 SE2d 723) (1994).

[4] See *Townsend*, supra; *Battle*, supra at 603.