## A04A1403. JOHNSON v. THE STATE.
(602 SE2d 840)

RUFFIN, Presiding Judge.

A jury found Michael Johnson guilty of possessing both marijuana and cocaine with intent to distribute. Johnson appeals, asserting that insufficient evidence supported his conviction. For reasons that follow, we affirm.

On appeal from a criminal conviction, "the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the verdict to determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt."[1] We neither resolve conflicts in the evidence nor assess witness credibility, but merely determine the legal sufficiency of the evidence.[2]

---

[1] *Smith v. State,* 247 Ga. App. 173 (543 SE2d 434) (2000).
[2] See *Bales v. State,* 232 Ga. App. 761, 763 (1) (503 SE2d 607) (1998).

Viewed in this manner, the evidence shows that, on October 28, 2002, Officer J. C. Hobbs of the DeKalb County Police Department responded to an anonymous tip regarding the sale of narcotics at the Victory Crossing Apartments. When Hobbs arrived at the apartment complex, he observed a black car parked in the parking lot. This vehicle was occupied by three individuals: a female driver (Shawn Anderson), a male in the front passenger seat (Donald Sims), and Johnson in the rear seat behind the driver.

Hobbs asked Anderson if he could search the car, and Anderson consented. Johnson got out of the car, followed by Anderson and Sims. Hobbs then searched the vehicle. During the search, Hobbs discovered a bag under the rear passenger seat where Johnson had been sitting that contained 18 small bags of marijuana and 18 pieces of cocaine.

Both Anderson and Sims informed Hobbs that they were at the Victory Crossing Apartments in order for Anderson to purchase marijuana. According to Anderson, when they arrived at the apartment complex, Johnson approached the car, jumped into the back seat, and asked her what she needed. Anderson replied, "a dime bag," and Johnson said, "all right." At that point, the police arrived on the scene, and Anderson informed Hobbs that the drugs found in the car did not belong to her. Sims similarly testified that Johnson approached their car when they entered the apartment complex and got into the back seat. Anderson then told Johnson that she wanted to purchase marijuana, and the two were discussing the transaction when the police arrived.

On appeal, Johnson claims that the State failed to rebut the presumption that the marijuana and cocaine found in the vehicle belonged to Anderson, the driver. Johnson also asserts that both Anderson and Sims had equal opportunity to commit the crime.

Under Georgia law, "[t]he driver and owner of an automobile, in the absence of any circumstances to the contrary, is presumed to have possession and control of contraband found in the automobile, but this presumption is rebuttable by evidence of equal access."[3] And in this context,

> evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that

---

[3] (Punctuation omitted.) *Cannon v. State*, 211 Ga. App. 835, 836 (440 SE2d 723) (1994).

the contraband was in the exclusive possession of the owner or driver.[4]

Anderson was driving the car in which Hobbs found cocaine and marijuana. The evidence shows, however, that the contraband was seized from the back seat area, where Johnson had been sitting, and that, when the police arrived, Anderson was attempting to purchase drugs from Johnson. Furthermore, Anderson informed Hobbs that the seized drugs did not belong to her. Under these circumstances, the jury was authorized to find that the State rebutted any presumption that Anderson, as the car's driver, possessed the contraband.[5]

We recognize that, in cases involving the equal access rule, "merely finding contraband in a car occupied by [the] defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime."[6] But, where evidence other than the defendant's presence inside a vehicle shows that the defendant possessed the contraband, the jury must determine guilt or innocence.[7] In this case, the testimony from Anderson and Sims that Johnson entered the car in order to sell Anderson drugs provides such other evidence, and the jury concluded that the seized contraband belonged to Johnson. Although Johnson now questions the truthfulness of the State's witnesses, "[t]he credibility of the witnesses and the weight to be given the evidence are the sole province of the jury."[8]

Construed favorably to the verdict, the evidence shows that Johnson entered Anderson's car with a bag containing marijuana and cocaine and offered to sell her drugs. Such evidence authorized the jury to find him guilty beyond a reasonable doubt of possessing marijuana and cocaine with intent to distribute.[9]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

---

[4] (Punctuation omitted.) Id.

[5] See id. ("Whether the evidence of equal access is sufficient to rebut any inference of possession is a question properly left to the jury.") (punctuation omitted); see also *Petty v. State*, 221 Ga. App. 125, 126 (470 SE2d 517) (1996) (testimony from passengers that cocaine found in car did not belong to them "was circumstantial evidence from which the jury could infer that the cocaine must have belonged to [the driver]").

[6] (Punctuation omitted.) *Washington v. State*, 253 Ga. App. 611, 614 (1) (560 SE2d 80) (2002).

[7] See id.

[8] (Punctuation omitted.) *Gaston v. State*, 257 Ga. App. 480, 482 (1) (571 SE2d 477) (2002).

[9] See *Gremillion v. State*, 233 Ga. App. 393, 396 (3) (504 SE2d 265) (1998); *Sams v. State*, 197 Ga. App. 201, 202 (1) (397 SE2d 751) (1990); see also *Bussey v. State*, 263 Ga. App. 56, 59 (1) (b) (587 SE2d 134) (2003) ("Generally . . . the issue of intent 'is peculiarly a question of fact for determination by the jury.' ").

DECIDED JULY 29, 2004.

*Virginia W. Tinkler*, for appellant.

*Jeffrey H. Brickman, District Attorney, Elisabeth G. Macnamara, Assistant District Attorney*, for appellee.