## A05A0210. DAVIS v. THE STATE.
(611 SE2d 710)

MILLER, Judge.

Following a bench trial, Antonio Davis was convicted of possession of cocaine and several other offenses. Davis appeals, challenging only the sufficiency of the evidence to sustain his conviction for possession of cocaine. For the following reasons, we affirm.

In reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Kersey v. State*, 243 Ga. App. 689, 690 (1) (534 SE2d 428) (2000). We do not weigh the evidence or assess witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The parties stipulated to the following facts: Davis was driving alone when an officer stopped him after noticing that he had no vehicle tag. The officer discovered that Davis's license was suspended, and, in a search incident to arrest, found a plastic bag containing cocaine wedged between the driver's seat and the front passenger's seat. Davis claimed that his brother and three other individuals were briefly in possession of the vehicle the day before he was stopped.

On appeal, Davis argues that he was entitled to an acquittal because others had had access to the vehicle in the recent past and the only evidence linking him to the cocaine was his possession of the vehicle. "Under Georgia law, the driver and owner of an automobile, in the absence of any circumstances to the contrary, is presumed to have possession and control of contraband found in the automobile, but this presumption is rebuttable by evidence of equal access." (Punctuation and footnote omitted.) *Johnson v. State*, 268 Ga. App. 808, 809 (602 SE2d 840) (2004).

The equal access rule, as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver.

(Citation and punctuation omitted.) *Wilkerson v. State*, 269 Ga. App. 190, 191-192 (2) (603 SE2d 728) (2004). This rule "applies only where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle." (Citation, punctuation and emphasis omitted.) Id. Whether evidence of equal access is sufficient to rebut an inference of possession is a question for the trier of fact. Id.; *Cannon v. State*, 211 Ga. App. 835, 836 (440 SE2d 723) (1994).

Here, the trier of fact heard the stipulated facts and Davis's claim that others had equal access to the cocaine, and apparently decided that the inference of Davis's possession was not rebutted. Under the circumstances presented, the trial court was authorized to find Davis guilty beyond a reasonable doubt of possessing cocaine. See *Cannon*, supra, 211 Ga. App. at 836; OCGA § 16-13-30 (a).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MARCH 7, 2005.

*Kicklighter & Persse, Claude M. Kicklighter*, for appellant.
*Richard A. Mallard, District Attorney, Joseph B. Black, Assistant District Attorney*, for appellee.