A05A1282. CRAIG v. THE STATE.
(617 SE2d 653)

PHIPPS, Judge.

Vaughn Craig was tried before a jury and convicted of driving under the influence of methamphetamine, failure to properly display his tag, trafficking in methamphetamine, possession of methamphetamine by ingestion, and possession of marijuana by ingestion. He appeals his conviction of trafficking in methamphetamine, challenging the sufficiency of the evidence to support the verdict and the legality of the search that resulted in the seizure of the drug. Finding the evidence sufficient and the legality of the search waived, we affirm.

Bartow County Deputy Sheriff Mark Mayton was on patrol on the evening of January 8, 2003, when he observed an obstructed tag on a truck being operated by Craig. Upon following the truck, Mayton saw it weave outside its lane of travel several times. Suspecting that the driver of the truck might be impaired, Mayton effected a traffic

---

[8] *Burgan v. State*, 258 Ga. 512, 514 (3) (371 SE2d 854) (1988).
[9] *Jones v. State*, 253 Ga. 640, 643 (5) (322 SE2d 877) (1984).

stop. His suspicions were further aroused because Craig was sweating profusely on a cool winter night, his pupils were constricted, and he kept pacing back and forth unable to follow the officer's instructions. Mayton thereupon asked Craig for permission to search the truck. Craig refused.

Pursuant to standard procedure, Mayton radioed for a canine officer to come to the scene. While Mayton was writing citations for Craig's traffic offenses, Bartow County Deputy Sheriff Billy Lancaster appeared with his search dog. During a walk around Craig's truck, the dog alerted on the driver's door. During an interior search of the driver's compartment, Lancaster found a small amount of methamphetamine inside a cigarette box and a much larger amount of methamphetamine inside a baggy wedged behind the driver's seat of the truck. The total weight of the methamphetamine was 59.49 grams. Craig was then arrested. After his arrest, he provided a urine sample. The Georgia Bureau of Investigation crime lab's analysis of the urine sample showed that Craig had ingested both marijuana and methamphetamine.

At trial, Craig admitted that he was a methamphetamine user, but claimed that he had not been in knowing possession of the methamphetamine in the baggy in his truck.

1. Craig challenges the sufficiency of the evidence because there was no evidence of drug sales. We find no merit in this challenge. Under OCGA § 16-13-31 (e), "[a]ny person who knowingly sells, delivers, *or* brings into this state *or* has possession of 28 grams or more of methamphetamine . . . commits the felony offense of trafficking in methamphetamine. . . ."[1] Therefore, the crime of trafficking in methamphetamine may be committed by mere possession of a trafficking amount.[2]

Craig also argues that the evidence showed nothing more than his mere presence at the scene of a crime. This argument is patently without merit.

> Under Georgia law, the driver and owner of an automobile, in the absence of any circumstances to the contrary, is presumed to have possession and control of contraband found in the automobile, but this presumption is rebuttable by evidence of equal access.[3]

---

[1] (Emphases supplied.)

[2] See *Dalton v. State*, 261 Ga. App. 72 (581 SE2d 700) (2003).

[3] *Johnson v. State*, 268 Ga. App. 808, 809 (602 SE2d 840) (2004) (punctuation and footnote omitted).

Whether evidence of equal access by others overcomes the presumption depends, of course, on the strength of the evidence,[4] and is a question for the jury.[5] Here, Craig was the sole occupant and admitted owner of the truck, the methamphetamine was found hidden near where he was sitting, the urine test showed that he had recently ingested methamphetamine, and he provided no evidence of equal access by others. The evidence presented in this case fully authorized the jury to find Craig guilty beyond a reasonable doubt of possession of more than 28 grams of methamphetamine and, therefore, of trafficking in methamphetamine.

2. Craig also challenges the legality of the search of his truck. Because he did not, however, raise this issue at trial, his challenge is too late.[6]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JULY 15, 2005.

*Mary F. McCord, Kelley A. Dial,* for appellant.
*T. Joseph Campbell, District Attorney, Erik J. Pirozzi, Assistant District Attorney,* for appellee.

---

[4] Id. at 809-810.
[5] Id. at 810, n. 5.
[6] *Davis v. State*, 255 Ga. 588, 599 (1) (a) (340 SE2d 862) (1986).