## A06A1434. WATERS v. THE STATE.
(634 SE2d 508)

PHIPPS, Judge.

Tommy Waters and Jerry Hartley were jointly indicted and tried for various offenses. The jury found them both guilty of trafficking in methamphetamine by reason of having been in unlawful possession of more than 28 grams of methamphetamine. Waters appeals his

---

[12] 256 Ga. App. 129 (567 SE2d 754) (2002).
[13] Id. at 130.
[14] 250 Ga. App. 278 (551 SE2d 400) (2001) (physical precedent only).

conviction of that offense, challenging the sufficiency of the evidence. Finding the evidence sufficient, we affirm.

A Clayton County homeowner reported a suspicious vehicle parked behind his home. The police officer who was dispatched to the scene observed Waters and Hartley in or near a green Chevy Tahoe, which was later determined to have been stolen. When the officer approached the Tahoe and asked to talk to them, they ran from the Tahoe and fled the scene in a Chevy Lumina driven by Waters and owned by his girlfriend, Ginger Davis. The officer then stopped the Lumina in his patrol vehicle. He removed Waters, handcuffed him, and put him in his patrol car. As the officer returned to the Lumina, he observed Hartley reach under the passenger seat. Another officer who appeared on the scene searched the area under the passenger seat and found a black leather bag containing 99.77 grams of methamphetamine.

Waters's girlfriend, Davis, gave testimony tending to show that the Tahoe had been stolen by Chris Bentley, another friend of Waters. Davis testified that on the day in question Hartley had come over to her house with a bag containing the methamphetamine. When she saw what was in the bag, she told Waters to get Hartley out of the house. Waters and Hartley were later arrested and charged with possession of the methamphetamine and other offenses.

Waters claims that the evidence authorized only a finding that Hartley was in sole exclusive possession of the methamphetamine. We disagree. At a minimum, there was evidence that Waters was transporting Hartley in a car knowing that he was in possession of the bag containing methamphetamine. That evidence was sufficient to support a finding that Waters was in joint constructive possession of the methamphetamine.

"[J]oint constructive possession with another will sustain a conviction for possession of contraband."[1] In this case, unlike cases such as *Hughes v. State*,[2] there was a sufficient evidentiary basis upon which the jury could have concluded beyond a reasonable doubt that Waters was in knowing, joint constructive possession of the methamphetamine found in the car he was driving. Unlike cases such as *Turner v. State*,[3] the state charged both occupants of the car with joint possession of the methamphetamine and, therefore, did not bear the burden of showing that one or the other was in sole possession of

---

[1] *Warren v. State*, 254 Ga. App. 52, 54 (1) (561 SE2d 190) (2002) (citation omitted).

[2] 215 Ga. App. 6, 7-10 (1) (449 SE2d 547) (1994).

[3] 276 Ga. App. 381 (623 SE2d 216) (2005).

the drug. As in cases such as *Bennett v. State*,[4] the evidence authorized a rational trier of fact to find beyond a reasonable doubt that Waters was guilty as a party to the crime of possession of the contraband.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED JULY 14, 2006.

*Patricia F. Angeli*, for appellant.

*Jewel C. Scott, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.

---

[4] 202 Ga. App. 699 (415 SE2d 310) (1992).