## A08A1372. NAVARRO v. THE STATE.
### (667 SE2d 125)

MILLER, Judge.

Following a jury trial, Jose Navarro was convicted of a single count of trafficking in methamphetamine, in violation of OCGA § 16-13-31 (e). Navarro now appeals from the denial of his motion for a new trial, asserting that the trial court erred in denying his motion for a directed verdict of acquittal. Discerning no error, we affirm.

> The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard, we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation and punctuation omitted.) *Grant v. State*, 289 Ga. App. 230, 233 (3) (656 SE2d 873) (2008). In doing so, we neither weigh the evidence nor judge the credibility of the witnesses. *Morgan v. State*, 277 Ga. App. 670, 671-672 (1) (627 SE2d 413) (2006). "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Reviere*

330

*v. State*, 231 Ga. App. 329, 333 (6) (498 SE2d 332) (1998).

So viewed, the evidence shows that in July 2004, members of the Drug Task Force of the Fayette County Sheriff's Department arranged an undercover buy of a large quantity of methamphetamine. The drug buy was arranged by Sheriff's Department Investigator Angel Santos, working with a confidential informant (the "CI"). To complete the transaction, the CI arranged to meet two men in the parking lot of a Kroger store in Peachtree City on July 8, 2004. After outfitting the CI with an audio listening device, Santos drove him to the Kroger parking lot in a police undercover vehicle, arriving at approximately 5:00 p.m. At approximately 7:00 p.m., a green Ford Explorer, driven by Navarro, entered the parking lot. Navarro's co-defendant, Fernando Rivas, exited the Explorer and walked toward the undercover car, while the Explorer circled the parking lot and then parked a short distance from the undercover vehicle. The CI left the undercover car and spoke with Rivas in the parking lot. The two men then walked to the passenger side of the Explorer and, with the passenger door open, had a further conversation. When the CI returned to the undercover car, Santos asked him to obtain a sample of the methamphetamine they were negotiating to purchase. The CI then returned to the Explorer, had a second conversation at the passenger side of the vehicle, and came back with the requested sample. After determining that the sample did, in fact, appear to be methamphetamine, Santos alerted the other members of the undercover operation, who then moved into the parking lot and arrested Navarro and Rivas.

During a subsequent search of the Explorer, which was owned by Rivas, police found approximately 788 grams of methamphetamine. This amount included a plastic container and a plastic bag found under the front passenger seat and containing approximately 448 grams and 100 grams of methamphetamine, respectively. Also, police found an additional 208 grams in three separate plastic bags in a back compartment of the vehicle, typically used for storing a spare tire and jack. There they also found a fourth plastic bag containing approximately 106 grams of methamphetamine, packaged individually in 77 smaller plastic bags. Additionally, when they searched Navarro and Rivas, police found a small quantity of methamphetamine on each of their persons.

At the close of the State's case, Navarro moved for a directed verdict of acquittal, which motion the trial court denied. On appeal, Navarro asserts the denial of this motion constitutes reversible error. We disagree.

OCGA § 16-13-31 (e) provides, in relevant part, that "[a]ny person who knowingly . . . has possession of 28 grams or more of methamphetamine . . . commits the felony offense of trafficking in

methamphetamine. . . ." "Therefore, the crime of trafficking in methamphetamine may be committed by mere possession of a trafficking amount." (Footnote omitted.) *Craig v. State*, 274 Ga. App. 504, 505 (1) (617 SE2d 653) (2005). On appeal, Navarro argues that there was no evidence proving his possession of the methamphetamine and that the evidence showed nothing more than his mere presence at the scene of a crime. This argument is without merit.

Under Georgia law, the possession required for a conviction for drug trafficking does not mean that the defendant "had to be holding the contraband in his hand or have it physically on his person." *Johnson v. State*, 195 Ga. App. 577, 578 (394 SE2d 359) (1990). Rather, because Navarro was driving the vehicle where the methamphetamine was found, at the time it was found, a presumption arose that he possessed the same. Id. at 578. Whether the evidence presented at trial supported or rebutted that presumption was a question for the jury. *Allen v. State*, 193 Ga. App. 16, 17 (2) (387 SE2d 11) (1989).

Navarro appears to argue that the presumption that he possessed the methamphetamine was rebutted by the fact that Rivas, his co-defendant, owned the Explorer. His brief, however, cites no authority to support this proposition, and we note that a presumption of possession applies even where the driver of a car does not own the same. See *Waters v. State*, 280 Ga. App. 566, 567 (634 SE2d 508) (2006); *Dalton v. State*, 261 Ga. App. 72 (581 SE2d 700) (2003). Accordingly, the mere fact that Rivas owned the car was insufficient, standing alone, to entitle Navarro to a directed verdict of acquittal. See *Castillo v. State*, 288 Ga. App. 828, 830 (655 SE2d 695) (2007) ("While the fact that [appellant's] co-defendant[ ] had equal access to . . . the drugs may inculpate [him], . . . such evidence does not automatically exculpate [appellant]."). In short, while evidence of equal access may rebut a presumption of possession (*Craig*, supra, 274 Ga. App. at 505 (1)), the evidence presented at trial permitted the jury to find that Navarro and Rivas had joint possession of the methamphetamine. See *Castillo*, supra, 288 Ga. App. at 830; *Waters*, supra, 280 Ga. App. at 567; *Coop v. State*, 186 Ga. App. 578, 580 (2) (367 SE2d 836) (1988).

Finally, we note that even absent the presumption of possession, the evidence was sufficient to convict Navarro as a party to the crime of trafficking in methamphetamine. See OCGA § 16-2-20. That evidence included the fact that the CI was expecting to purchase the methamphetamine from two men; that Navarro drove Rivas and the methamphetamine to a location that had been agreed upon as the transaction site; that methamphetamine was found on Navarro's person; and that, when negotiating the transaction, Rivas took the CI over to the Explorer and opened the passenger door, presumably

for the purpose of allowing Navarro to hear or participate in the discussion. See *Waters*, supra, 280 Ga. App. at 568; *Patterson v. State*, 187 Ga. App. 406, 408-409 (1) (b) (370 SE2d 500) (1988).

In light of the foregoing, we affirm the trial court's order denying Navarro's motion for a new trial.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 15, 2008.

*Mary Erickson*, for appellant.

*Scott L. Ballard, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.