## A09A0183. HOLLOWAY v. THE STATE.
### (676 SE2d 445)

JOHNSON, Presiding Judge.

A jury found Aricus Holloway guilty of trafficking in cocaine and possessing a drug-related object. Holloway appeals, challenging the sufficiency of the evidence. For reasons that follow, we affirm.

On appeal from his criminal convictions, Holloway no longer enjoys a presumption of innocence, and we construe the evidence favorably to support the jury's verdict.[1] We do not weigh the evidence or resolve credibility issues, but merely determine whether the jury was authorized to find Holloway guilty beyond a reasonable doubt.[2]

So viewed, the evidence shows that on September 25, 2005, Officers Dean Spata and Jeremiah Kring of the Columbus Police Department were on patrol in separate cars when they passed a van stopped in the middle of the road. Spata, who was in the lead patrol car, turned his vehicle around to approach the van from behind. The van drove away at a high speed, and the officers pursued it. After turning onto another street, the van slowed briefly so that the front seat passenger could get out, then sped away.

Spata continued following the van, while Kring confronted the

---

[1] See *Howard v. State*, 291 Ga. App. 289 (661 SE2d 644) (2008).
[2] See id.

passenger, whom he identified as Gerald Green. Approximately one block down the road, the van stopped, and Spata found Holloway in the driver's seat. Kring took Green to Spata's location, then returned to where he first detained Green. He searched the area and located three small bags containing approximately 80 grams of crack cocaine. Although it had been raining, the bags were dry. Based on his training and extensive experience with narcotics cases, Spata estimated that the cocaine had a street value of $8,500.

The officers searched the van and discovered two small steel wool pads in a compartment above the driver's and front passenger's seats. Both officers, as well as the state's forensic chemist, testified that such pads are commonly used as filters in crack cocaine smoking devices. Police also discovered $896 in cash on Holloway's person and $397 on Green.

The state offered additional evidence that Holloway pled guilty in 2004 to selling marijuana and possessing marijuana with intent to distribute. The officer who investigated the incident testified that, in May 2003, Holloway sold marijuana to a police informant. A subsequent search of Holloway's home produced 289 grams of marijuana and several electronic weighing scales typically used for measuring drugs.

1. Challenging his trafficking conviction, Holloway asserts that the state did not prove that he possessed the cocaine found outside the van. According to Holloway, the evidence only supported the conclusion that Green possessed the drugs.

We disagree. Actual possession is not required for a drug trafficking conviction.[3] A person may constructively possess cocaine by knowingly having both the power and intention at a given time to exercise control over it.[4] This possession may be joint or exclusive, and "[i]t is well established that joint constructive possession with another will sustain a conviction for the possession of contraband."[5]

The state charged Holloway and Green jointly with drug trafficking. It thus was not required to prove that either possessed the cocaine alone.[6] And given the evidence presented, including Holloway's effort to leave the scene when police arrived, his decision to let Green out of the van, the large amount of cocaine discovered near Green's point of exit, the cash found on both men, and the similar transaction testimony, the jury was authorized to conclude that Holloway and Green jointly possessed and trafficked in the cocaine.[7]

---

[3] *Uriostegui v. State*, 269 Ga. App. 51, 53 (603 SE2d 478) (2004).

[4] Id.

[5] (Citation omitted.) *Howard*, supra at 291 (1).

[6] See id.

[7] See OCGA § 16-13-31 (a) (1); *Howard*, supra; *McKenzie v. State*, 283 Ga. App. 555,

2. Holloway also challenges his conviction for possessing a drug-related object in violation of OCGA § 16-13-32.2. Under that provision, "[i]t shall be unlawful for any person to use, or possess with the intent to use, any object or materials of any kind for the purpose of . . . ingesting, inhaling, or otherwise introducing into the human body . . . a controlled substance."[8]

Construed favorably to the verdict, the evidence shows that the police found two crack pipe filters in the van driven by Holloway. As the driver, Holloway was presumed to have possession of contraband in the vehicle.[9] Although Green apparently owned the van and had access to its contents, the state charged both men with jointly possessing a drug-related object. The jury, therefore, was not required to find that Green's ownership or access rebutted the presumption of possession.[10] And based on this presumption, as well as evidence that Holloway and Green were involved in the crack cocaine drug trade, the jury was authorized to find that Holloway possessed, with the intent to use, the filters for the purpose of ingesting or introducing crack cocaine "into the human body."[11]

3. In a related argument, Holloway contends that the state failed to prove that he possessed the actual drug-related object charged in the indictment. The indictment alleged that Holloway possessed "a crack cocaine smoking device." Citing testimony that filters are one *component* of a crack pipe, Holloway raises a fatal variance claim.

Not all differences between an indictment and the evidence at trial, however, result in a fatal variance.[12] As we have explained: "An accused must be definitely informed of the charges against him so that he may present a defense, and he must be protected against a second prosecution for the same offense. If a variance does not present these dangers, it is not fatal."[13]

Holloway does not argue that the indictment's wording prevented him from presenting a defense or will subject him to multiple

---

558-560 (642 SE2d 187) (2007).

[8] OCGA § 16-13-32.2 (a).

[9] See *Navarro v. State*, 293 Ga. App. 329, 331 (667 SE2d 125) (2008).

[10] See id. ("[A] presumption of possession applies even where the driver of a car does not own the same."); *Ramirez v. State*, 290 Ga. App. 3, 4-5 (1) (658 SE2d 790) (2008) ("[W]here the driver and passengers are charged with joint constructive possession of contraband found in the vehicle, the state may rely on the presumption to show that the driver exercised possession and control over the contraband, but the driver is not entitled to rely on the equal access rule to rebut the presumption.").

[11] OCGA § 16-13-32.2 (a); see also *Navarro*, supra; *Swanger v. State*, 251 Ga. App. 182, 185 (1) (a) (554 SE2d 207) (2001) (evidence that defendant was involved in drug trade and possessed marijuana at the time of arrest supported finding that he constructively possessed other drugs found in house where he resided with his girlfriend).

[12] *Lawson v. State*, 278 Ga. App. 852, 853 (2) (630 SE2d 131) (2006).

[13] (Citation and punctuation omitted.) Id.

prosecutions. He merely claims that the evidence did not fit the indictment's allegation — a claim that, even if true, does not alone demonstrate a fatal variance.[14] Moreover, the trial transcript reveals no impairment or surprise to the defense, which focused primarily on distancing Holloway from the drugs found on the ground and the filters seized from Green's van.

The indictment sufficiently apprised Holloway of the charges against him, and he faces no danger of further prosecution arising out of the incident. Any variance created by the indictment's reference to a "crack cocaine smoking device," rather than a component of such device, was not fatal.[15] Accordingly, Holloway's variance claim does not support reversal.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MARCH 26, 2009.

*James D. Lamb*, for appellant.

*J. Gray Conger, District Attorney, LaRae D. Moore, Assistant District Attorney*, for appellee.

---

[14] See *Howard*, supra at 292 (2) ("[T]he issue is not simply whether there was a discrepancy, but whether there was such a variance as to affect the substantive rights of the accused.").

[15] See *Lawson*, supra at 853-854 (2); *Chadwick v. State*, 236 Ga. App. 199, 201 (2) (511 SE2d 286) (1999).

