A10A1966. MANGUM v. THE STATE.
(706 SE2d 612)

DILLARD, Judge.

Following a jury trial, Gary Lamar Mangum was convicted of possession of methamphetamine, possession of marijuana, theft by

---

receiving of a motor vehicle, fleeing and attempting to elude, reckless driving, two counts of obstruction, and driving with a suspended license, and was sentenced as a recidivist. Mangum argues that the evidence was insufficient to support his drug convictions and that the trial court erred in allowing similar-transaction evidence to be introduced at his trial. We find no reversible error and affirm.

On appeal from a criminal conviction, we view the record in the light most favorable to upholding the jury's verdict, and Mangum no longer enjoys the presumption of innocence.[1] We neither reweigh the evidence nor assess witness credibility, but determine only whether a rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt.[2]

So construed, the evidence adduced at trial showed that on the morning of February 2, 2007, the victim discovered that her green Mercury Mystique had been stolen from the front yard of her Hall County home, and then reported the theft to the proper authorities. Approximately one week later, a uniformed police officer in a neighboring county was on routine patrol when he noticed that a green Mercury Mystique being driven by Mangum did not have a proper tag light. The officer began to follow Mangum because of this equipment violation and, after observing him make a suspicious maneuver, relayed the vehicle's license-plate number to dispatch. The dispatcher informed the officer that the vehicle had been reported stolen, prompting the officer to request backup assistance and turn on his car-mounted video camera in preparation for a traffic stop.

Once his backup had arrived, the officer activated his blue lights and siren, and attempted, to no avail, to stop Mangum. Mangum fled, and continued to do so even after a third officer placed a spike strip into the roadway, which flattened the stolen vehicle's tires. Mangum eventually bailed out of the vehicle and absconded on foot before finally surrendering to the officers.

Upon entering the vehicle, the officer immediately noticed that the ignition had been removed and was hanging down from the vehicle's steering column. A subsequent search of the vehicle yielded the tools used in the commission of the theft (in addition to numerous other items), including a book that contained a syringe of what was later confirmed to be methamphetamine and a small bag containing what was later confirmed to be marijuana.

In addition to admitting a videotaped recording of the incident and the testimony of the officers involved in Mangum's apprehen-

---

[1] *See, e.g., Arellano v. State*, 304 Ga. App. 838, 838 (698 SE2d 362) (2010).
[2] *See, e.g., Hester v. State*, 287 Ga. App. 434, 434 (651 SE2d 538) (2007).

sion, the State presented testimony from the victim, who denied unequivocally that the drugs found in the vehicle belonged to her. She further denied that the contraband and most of the other items found in the vehicle were there when it was stolen. Finally, the State presented similar-transaction evidence of Mangum's prior misdemeanor obstruction conviction,[3] stemming from an incident in which he was at a friend's residence and fled from law-enforcement officers who approached the residence in an attempt to serve an arrest warrant on his friend.[4] Mangum was ultimately convicted of, *inter alia*, possessing methamphetamine and marijuana, and was sentenced by the trial court as a recidivist. This appeal follows.

1. Contrary to Mangum's assertion, the evidence set forth supra was sufficient to support his convictions of possession of methamphetamine and possession of marijuana.[5] In the absence of any evidence to the contrary, the jury was authorized to consider the rebuttable presumption that Mangum, as the sole driver of the stolen vehicle in question, had possession of and control over the contraband contained within that vehicle.[6]

Mangum's argument that evidence of his possession is rendered insufficient because the State failed to disprove that someone other than himself had equal access to the vehicle is misguided. While it is certainly true that

> [affirmative] evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver,[7]

---

[3] OCGA § 16-10-24 (a) ("[A] person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor.").

[4] Although Mangum was also found to be in possession of methamphetamine during this prior incident, the State was precluded from making any reference to the existence of the drugs because it had failed to provide Mangum with proper notice of its intent to do so.

[5] OCGA § 16-13-30 (a) ("[I]t is unlawful for any person to purchase, possess, or have under his control any controlled substance.").

[6] *See, e.g., Miller v. State*, 298 Ga. App. 792, 793-94 (1) (681 SE2d 225) (2009) ("An owner or driver of an automobile, in the absence of any circumstances to the contrary, is presumed to have possession and control of contraband found in the automobile."); *Ramirez v. State*, 290 Ga. App. 3, 4 (1) (658 SE2d 790) (2008) (same); *Davis v. State*, 272 Ga. App. 33, 33-34 (611 SE2d 710) (2005) (same).

[7] *Davis*, 272 Ga. App. at 34; *see Whipple v. State*, 207 Ga. App. 131, 132 (1) (427 SE2d 101) (1993) ("Where it is established that other persons had equal access to the vehicle, the application of a presumption of possession of any contraband found in it is not a sound, abstract principle of law and is a dangerous rule for the numerous owners of motor vehicles." (punctuation omitted)); *Nelson v. State*, 199 Ga. App. 487, 488 (1) (405 SE2d 310) (1991) ("For

this legal principle does not mean that the State must establish a negative fact. Rather, the burden on the State remains the same: to prove every element of the crimes charged beyond a reasonable doubt.[8]

And here, the record is devoid of any evidence that someone other than Mangum had access to the interior of the vehicle, with the exception of the vehicle's rightful owner (a week earlier), who emphatically denied knowledge of or involvement with the contraband and whose testimony the jury obviously chose to believe.[9] To the extent one could speculate that someone else placed the drugs in the vehicle, the question as to whether the presumption of equal access was overcome was one for jury resolution.[10] And in the absence of "unrebutted affirmative evidence demanding a finding of equal access," the jury was authorized to convict Mangum of the drug-possession charges.[11]

2. We likewise reject Mangum's claim that the trial court's admission of the similar-transaction evidence constituted reversible error. According to Mangum, the evidence of his prior conviction on an obstruction charge should have been excluded on the basis that it amounted to improper character evidence that was highly prejudicial and lacked probative value. This Court will only reverse a trial court's decision to admit similar-transaction evidence, however, upon a finding that the trial court abused its discretion in doing so.[12] We find no such abuse.

---

the equal access rule to rebut the inference of defendant's possession of contraband, affirmative evidence must be presented that a person other than the defendant had equal access to the premises where the contraband was found."); *Burrell v. State*, 171 Ga. App. 648, 650 (6) (320 SE2d 810) (1984) ("To make an affirmative showing of equal access, it is not enough to show that others might have had equal access[,] but it must affirmatively appear that others did have equal access." (punctuation omitted)).

[8] *See, e.g., Kidd v. State*, 277 Ga. App. 29, 32-33 (2) (625 SE2d 440) (2005) (noting that the presumption that the owner or driver of an automobile is in possession of its contents is permissive only and does not diminish the State's duty to prove every element of the crime charged beyond a reasonable doubt); *Cochran v. State*, 190 Ga. App. 884, 885 (1) (380 SE2d 319) (1989) ("It is not necessary that the State remove every possibility of defendant's innocence, but only that the evidence be sufficient to convince the rational trier of fact of the defendant's guilt beyond a reasonable doubt." (punctuation omitted)).

[9] *See Vaughn v. State*, 301 Ga. App. 391, 392 (687 SE2d 651) (2009) ("It is the jury's prerogative to choose what evidence to believe and what to reject. Issues regarding the credibility of witnesses are in the sole province of the jury and only the jury may analyze what weight will be given each witness's testimony." (punctuation omitted)).

[10] *See, e.g., Cochran*, 190 Ga. App. at 886 (1) ("Whether the evidence of equal access is sufficient to rebut any inference of possession is a question properly left to the jury." (punctuation omitted)).

[11] *See, e.g., Wilkerson v. State*, 269 Ga. App. 190, 193 (2) (603 SE2d 728) (2004); *Causey v. State*, 274 Ga. App. 506, 507-08 (618 SE2d 127) (2005); *Davis*, 272 Ga. App. at 34; *Cochran*, 190 Ga. App. at 886 (1).

[12] *See Amica v. State*, 307 Ga. App. 276, 283 (704 SE2d 831) (2010).

At the outset, we note that the trial court admitted the challenged evidence for the purpose of showing Mangum's course of conduct only after conducting a hearing pursuant to Uniform Superior Court Rule 31.3 (B),[13] which it was required to do.[14] Mangum does not dispute that the State satisfied the criteria delineated in Rule 31.3 for the admission of similar-transaction evidence, but instead argues that the evidence lacked probative value in light of the fact that, as a matter of trial strategy, he did not contest the obstruction charges.[15] Indeed, Mangum's trial counsel conceded his client's guilt as to the majority of the crimes charged during opening argument. Mangum's trial defense focused solely on his contention that, despite committing the other crimes, he did not knowingly possess the drugs found inside the vehicle.

But even assuming that the similar-transaction evidence should have been excluded by the trial court, any error in its admission was harmless.[16] In the face of videotaped evidence—all of which was seen by the jury—that Mangum was driving an obviously stolen vehicle, that he fled from officers who attempted to conduct a traffic stop, that he continued to lead the officers on a chase even after his tires had been flattened, that he ultimately exited the vehicle and ran on foot, and that methamphetamine and marijuana not belonging to the owner were found inside the vehicle in which Mangum was the sole occupant, we simply cannot conclude it highly probable that Mangum's previous obstruction of a law-enforcement officer in an unrelated case contributed to the guilty verdict on the drug charges

---

[13] See, e.g., Amica, 307 Ga. App. at 283 ("Independent crimes are admissible to show motive, intent, plan, identity, bent of mind or course of conduct." (punctuation omitted)).

[14] Prior to admitting evidence of a prior conviction, the trial court must conduct a hearing pursuant to Uniform Superior Court Rule 31.3 (B) in which the State must demonstrate (1) that it seeks to introduce the evidence not to raise an improper inference as to the defendant's character but for some proper purpose, (2) that there is sufficient evidence to establish that the defendant committed the independent offense, and (3) that there is a sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. Williamson v. State, 300 Ga. App. 538, 541 (2) (685 SE2d 784) (2009).

[15] See, e.g., Ward v. State, 262 Ga. 293, 295 (2) (417 SE2d 130) (1992) ("The ultimate issue in determining the admissibility of evidence of other crimes is not mere similarity but relevance to the issues in the trial of the case." (punctuation omitted)); Wade v. State, 295 Ga. App. 45, 47 (670 SE2d 864) (2008) ("[I]n exercising discretion as to whether to admit the inflammatory evidence of prior acts, the court should consider whether the State's need for the similar transaction evidence outweighs the prejudice inherent to the defendant."); Smith v. State, 232 Ga. App. 290, 292 (1) (501 SE2d 523) (1998) ("Even if all of [the Rule 31.3] criteria are met, the trial court retains the sound legal discretion to exclude relevant similar crimes evidence on the ground that its probative value is substantially outweighed by the danger of unfair prejudice." (punctuation omitted)).

[16] See, e.g., Duvall v. State, 305 Ga. App. 545, 548 (3) (699 SE2d 761) (2010) ("[T]he erroneous admission of similar transaction evidence may be harmless if there is such overwhelming evidence of the defendant's guilt that it is highly probable that the error did not contribute to the guilty verdict." (punctuation omitted)).

at issue in the case sub judice.[17]

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED FEBRUARY 24, 2011.

*Jennifer A. Trieshmann*, for appellant.

*Lee Darragh, District Attorney, Jennifer D. Hart, John G. Wilbanks, Jr., Assistant District Attorneys*, for appellee.

---

[17] *See, e.g., McGee v. State*, 267 Ga. 560, 562-64 (2) (480 SE2d 577) (1997) (holding harmless erroneously admitted evidence of defendant's prior crime due to the overwhelming evidence against him); *Bryant v. State*, 304 Ga. App. 755, 758-59 (3) (697 SE2d 860) (2010) (same); *Nesbitt v. State*, 296 Ga. App. 139, 140 (1) (673 SE2d 652) (2009) (same); *Jones v. State*, 226 Ga. App. 721, 724 (1) (487 SE2d 618) (1997) (same); *Weems v. State*, 204 Ga. App. 352, 354-55 (419 SE2d 346) (1992) (same).