THIRD DIVISION
MIKELL, P. J.,
MILLER and RAY, JJ.

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**August 8, 2012**

# In the Court of Appeals of Georgia

A12A0935. MERCADO v. THE STATE.

MILLER, Judge.

Following a jury trial, Luis Antonio Mercado was convicted of trafficking in methamphetamine (OCGA § 16-13-31 (e)). Mercado appeals from the denial of his motion for new trial, contending that the trial court erred in denying his motion for a directed verdict of acquittal. Finding no error, we affirm.

> We review the denial of a motion for directed verdict of acquittal under the same standard we apply to a challenge to the sufficiency of the evidence. Under that standard, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Punctuation and citation omitted.) *Tabb v. State*, 313 Ga. App. 852, 854 (1) (723 SE2d 295) (2012).

So viewed, the evidence shows that Mercado was driving his grandmother's vehicle on the night he picked up his co-defendant in Norcross. When he picked her up, the co-defendant asked Mercado if he was "riding dirty," meaning whether he was driving with narcotics or other contraband in the vehicle. As he was driving, Mercado was pulled over by a police officer for failure to maintain a lane. During the traffic stop, the officer observed furtive movements inside the vehicle; saw Mercado's co-defendant trying to push a purse and bag under the passenger seat; noticed that Mercado and the co-defendant were extremely nervous; and detected a strong odor of methamphetamine coming from inside the vehicle. During questioning, Mercado and his co-defendant both stated that they were traveling to Birmingham, Alabama, but they gave conflicting statements about the duration of their trip. Based on these observations, the officer suspected that Mercado was involved in criminal activity. The officer asked for and received Mercado's consent to search the vehicle. During his search, the officer found a "brick" of methamphetamine weighing 442.25 grams

on the floorboard of the backseat of the vehicle.[1] Mercado and his co-defendant were arrested, charged, and convicted of trafficking in methamphetamine.

On appeal, Mercado contends that the trial court erroneously denied his motion for a directed verdict because the evidence did not eliminate all other reasonable hypotheses of innocence. Mercardo argues that since the vehicle belonged to his grandmother and he was traveling with a passenger, others had equal access to the vehicle where the methamphetamine was found. His contention is without merit.

Pursuant to OCGA § 16-13-31 (e), trafficking in methamphetamine is committed when "[a]ny person who knowingly sells, delivers, or brings into this state or has possession of 28 grams or more of methamphetamine[.]" Therefore, mere possession of a trafficking amount is sufficient to sustain a conviction for the crime of trafficking in methamphetamine. See *Navarro v. State*, 293 Ga. App. 329, 331 (667 SE2d 125) (2008).

> Under Georgia law, the possession required for a conviction for drug trafficking does not mean that [Mercado] had to be holding the contraband in his hand or have it physically on his person. Rather, because [Mercado] was driving the vehicle where the methamphetamine

---

[1] The officer also found two smaller quantities of methamphetamine weighing a total of 5.02 grams and a methamphetamine pipe inside the co-defendant's purse and bag.

was found, at the time it was found, a presumption arose that he possessed the same.

(Citations and punctuation omitted.) Id. However,

> this presumption is rebuttable by evidence of equal access. And in this context, evidence showing that a person or persons other than the owner or driver of the automobile had equal access to the contraband found in the automobile may or will, depending on the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver.

(Punctuation and footnotes omitted.) *Johnson v. State*, 268 Ga. App. 808, 809-810 (602 SE2d 840) (2004). "Whether the evidence of equal access was sufficient to rebut any inference of possession is a question properly left to the jury." (Citation and punctuation omitted.) Id. at 810, n.5.

Here, although Mercado's grandmother owned the vehicle, there is no evidence establishing that she, or anyone other than Mercado and the co-defendant, had recent access to the vehicle. Cf. *Turner v. State*, 276 Ga. App. 381, 382 (623 SE2d 216) (2005) ("[I]n the case of an automobile found containing contraband, no presumption arises that the driver . . . is in possession of the contraband, where *there is any competent evidence that persons other than the accused have had access* to or control of the vehicle *for a period of time prior to the discovery of the contraband*.") (emphasis supplied). Consequently, as the driver of the vehicle, Mercado was

4

presumed to have possession of the methamphetamine in the vehicle. See *Navarro*, supra, 293 Ga. App. at 331. Contrary to his arguments otherwise, the fact that Mercado's grandmother owned the car was insufficient, by itself, to entitle Mercado to a directed verdict of acquittal. Id.

Moreover, because Mercado and his co-defendant were jointly charged with the offense of trafficking in methamphetamine, the State was not required to show that Mercado was in sole constructive possession of the drugs. See *Cochran v. State*, 300 Ga. App. 92, 94 (1) (a) (684 SE2d 136) (2009). Rather, the State could establish the element of possession by showing that Mercado and his co-defendant were in joint constructive possession of the contraband. Id. at 94-95 (1) (a); *Martinez v. State*, 303 Ga. App. 71, 73 (1) (692 SE2d 737) (2010) ("A defendant's joint constructive possession of contraband with another will sustain a conviction.") (citations omitted). The fact that his co-defendant may have had equal access to the methamphetamine may have inculpated the co-defendant, but such evidence did not automatically exculpate Mercado. See *Navarro*, supra, 293 Ga. App. at 331. In light of the evidence, including the strong odor of methamphetamine emanating from the vehicle and his co-defendant's concern that Mercado may have been "riding dirty," the jury was authorized to reject Mercado's equal access defense and find that he was in knowing,

joint constructive possession found in the car he was driving. See id.; *Waters v. State*, 280 Ga. App. 566, 567-568 (634 SE2d 508) (2006) (evidence was sufficient to support conviction for trafficking methamphetamine based on joint constructive possession with a co-defendant where both occupants charged with possession and drugs were found under passenger's seat of vehicle driven by defendant, even though vehicle did not belong to defendant). Therefore, the trial court did not err in denying Mercado's motion for a directed verdict of acquittal.

*Judgment affirmed. Mikell, P.J., and Ray, J., concur.*