**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 3, 2012**

# In the Court of Appeals of Georgia

A12A1542. HENLEY v. THE STATE.                                    DO-059 C

DOYLE, Presiding Judge.

In this discretionary appeal, Joel Henley challenges an order revoking his probation based on new offenses. Henley contends that (1) the State failed to provide sufficient admissible evidence that he possessed (a) controlled substances or (b) drug-related objects, and (2) the trial court erroneously revoked more than two years of probation pursuant to OCGA § 42-8-34.1 (c). For the reasons that follow, we reverse the judgment and remand the case for resentencing.

A court may revoke probation based on new violations if the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged. And this Court will not interfere with a revocation absent manifest abuse of discretion on the part of the trial court. Accordingly, if admissible

evidence is presented in support of the allegations regarding revocation of probation, this Court will affirm.[1]

The record shows that Henley pleaded guilty to robbery and was sentenced to a term of probation for 11 years, 11 months, and 11 days. In March 2010, while on probation, Henley was stopped at a police roadblock. After Henley was unable to produce a license and gave a false name to the inquiring officer, Henley was arrested, his vehicle was searched pursuant to the owner's consent, and police found a number of unidentified pills as well as two pipes that appeared to be used for smoking controlled substances.

The State petitioned for revocation of Henley's probation based on the encounter at the roadblock, and Henley admitted giving a false name, having a suspended license, and committing technical probation violations. Based on the evidence from the hearing, the trial court revoked four years of Henley's probation based on eight violations: two new felony offenses of possessing controlled substances (alleged codeine and oxycodone pills); three new misdemeanor offenses (possessing drug-related objects, driving while his license was suspended, and giving

---

[1] (Footnotes and punctuation omitted.) *Brown v. State*, 294 Ga. App. 1, 3 (2) (668 SE2d 490) (2008).

a false name); and three technical violations (failure to initially report, failure to complete day reporting, and failure to pay a fine). After Henley applied for discretionary review of the revocation, we granted his application.

1. (a) *Possession of controlled substances*. Henley contends that the State failed to provide sufficient admissible evidence to support the trial court's findings that he possessed oxycodone and codeine, which was the basis for two new felony offenses supporting the revocation. Indeed, as ruled by the trial court and conceded by the State on appeal, the testifying officer failed to give a proper foundation for his identification of the pills and there was no evidence of lab results for testing the pills. Therefore, there was no admissible evidence that the pills were actually contraband.

Despite this, the trial court appeared to rely on the fact that Henley told an officer that there was contraband in the vehicle and where to find it. But this statement was made to an officer who did not testify in court; instead, the statement was repeated by the testifying officer who explained that he was repeating what another officer told him. Henley correctly objected to this statement on hearsay grounds, and the trial court erred by considering it.[2] Such a statement derives its value

---

[2] See, e.g., *Zachery v. State*, 276 Ga. App. 688, 691 (2) (624 SE2d 265) (2005) (testimony by one officer as to what another officer told him that an informant said was inadmissible hearsay); *Morris v. State*, 265 Ga. App. 186, 187 (593 SE2d 360)

not from the credit of the testifying officer but from the veracity and competency of the non-testifying officer.[3] Hearsay testimony lacks probative value, so the trial court erred by relying on the hearsay testimony to conclude that Henley had knowledge of the contraband in the vehicle. This left no evidence to conclude, even under the State's lower burden of proof at the hearing, that the pills were contraband. Accordingly, the trial court erred by basing its revocation decision on the two new felony counts of possession of controlled substance.

(b) *Possession of drug-related objects.* Likewise, with respect to Henley's alleged possession of the two pipes, which support the possession of drug-related objects offense, there was no admissible evidence that Henley knew of the existence of the pipes or where they were located in the vehicle. There was uncontroverted evidence that Henley was not the owner of the vehicle, and in fact the owner did come to the scene and claim the vehicle. Therefore, Henley argues that under the equal access rule, the evidence was insufficient to show he possessed the drug-related objects in the vehicle.

---

(2004) ("hearsay, even if not objected to, proves nothing") (citation omitted).

[3] See OCGA § 24-3-1 (a).

Because Henley was not found holding the objects or with them on his person, the State's theory of possession is based on the legal presumption that he possessed the objects because he was driving the vehicle where they were found at the time they were found.[4]

> However, this presumption is rebuttable by evidence of equal access. And in this context, evidence showing that a person or persons other than the owner or driver of the automobile had equal access to the contraband found in the automobile may or will, depending on the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver. Whether the evidence of equal access was sufficient to rebut any inference of possession is a question properly left to the [fact finder].[5]

Here, the only evidence of equal access was that another person owned the car. There was no evidence that the owner or any other person had recent access to the

---

[4] See *Henry v. State*, 311 Ga. App. 353, 354 (716 SE2d 232) (2011) ("In cases involving contraband found in vehicles, the [S]tate is generally entitled to an evidentiary presumption that the driver . . . of the vehicle is in constructive possession of the contraband.").

[5] (Citation and punctuation omitted.) *Mercado v. State*, __ Ga. App. __ (731 SE2d 82) (2012).

vehicle.[6] "Contrary to [Henley's] arguments otherwise, the fact that [another person] owned the car was insufficient, *by itself*, to" require a finding that Henley had rebutted the presumption that he possessed what was in the vehicle at the time he drove it.[7] Therefore, in light of the record before us, including the fact that Henley was the sole occupant of the vehicle and there was no evidence of recent access by others, the trial court was not required to abandon the presumption that Henley possessed what was found in the vehicle when he drove it.

2. Henley points out that the revocation petition does not specify which Code section Henley is alleged to have violated for the drug-related objects offense; instead it simply accuses him of possessing certain specified drug-related objects. Henley correctly argues that the only violation alleged and proved falls under OCGA § 16-

---

[6] See *Maldonado v. State*, 313 Ga. App. 511, 513 (1) (722 SE2d 123) (2012) (noting that the defendant "was the sole occupant of the vehicle, and there was no evidence adduced demonstrating that anyone else had access to the contents of the truck").

[7] (Emphasis supplied.) *Mercado*, __ Ga. App. at __. See *Navarro v. State*, 293 Ga. App. 329, 331 (667 SE2d 125) (2008). See also *Mangum v. State*, 308 Ga. App. 84, 87 (1) (706 SE2d 612) (2011) (explaining that the equal access rule depends on the strength of the evidence of equal access and does not require the State to prove a negative fact).

6

13-32.2, which makes possession of a drug-related object a misdemeanor.[8] In light of this fact and the rulings herein, the only offenses supported by the record were the drug-related objects misdemeanor offense and those others admitted by Henley: the non-violent misdemeanor offenses[9] of giving a false name, driving with a suspended license and the technical violations.[10] Therefore, as conceded by the State under this result, the trial court was not authorized to revoke more than two years of Henley's outstanding probation.[11] Accordingly, we remand the case for resentencing in accord with statutory authority.[12]

*Judgment reversed and case remanded for resentencing. Andrews and Boggs, JJ., concur.*

---

[8] Henley does not specifically argue that the indictment's lack of specificity renders it void, but we note that an indictment's "description of the offense charged prevails over any Code section cited." (Citation and punctuation omitted.) *In re B. C. G.*, 235 Ga. App. 1, 3 (1) (508 SE2d 239) (1998).

[9] See OCGA §§ 16-10-25 (false name); 40-5-121 (a) (suspended license).

[10] See OCGA § 16-13-32.2 (b) (possession of drug-related object is a misdemeanor).

[11] See OCGA § 42-8-34.1 (c); *Bergen v. State*, 300 Ga. App. 837, 838-839 (686 SE2d 410) (2009).

[12] The date of the revocation order was entered on July 6, 2010. Therefore, it appears that Henley has already served the maximum two-year revocation period.